UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

**FILED**

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Mr. Quentin Yates # 11346-007
FCI- Cumberland
P.O. Box 1000      Plaintiff
Cumberland, MD 21501

United States Parole
Commission

    Defendant

CASE NUMBER  1:06CV00234

JUDGE: John D. Bates

DECK TYPE: Pro se General Civil

DATE STAMP: 02/09/2006

## COMPLAINT

### MOTION FOR PRELIMINARY INJUNCTION

    Now Comes the Plaintiff, Mr. Quentin Yates and moves this Honorable Court persuant to Federal Rules of Civil Procedyres 65 seeking a preliminary injunction against the United States Parole Commission. Furthermore it is requested that the clerk of the Court issue the defendant a copy of said motion for service and process persuant to 28 U.S.C. &1915.

### JURISDICTION

    Jurisdiction is established persuant to 28 U.S.C. &1331 and 1343 [a][3] and [4] and also Article 3 of the United States Constitution.

### VENUE

    Proper venue is established persuant to 28 U.S.C. &1391 [b] and [e] and for the following reasons:

    1. The defendant works and resides in the selected form.
    2. The events given rise to seeking this injunctive relief occured in the selected form.

**RECEIVED**

JAN 19 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

3. It is the most convienent form for all parties involved.

The Plaintiff is moving in Pro-se and respectfully request that this Honorable Court hold this Motion for Preliminary Injunction to a standard less stringent than those drafted by an attorney See; **Haines v. Kerner** 404 U.S. 519 [1972]. In support of said Motion the Plaintiff proffers the following facts and reasons:

### GROUNDS FOR INJUNCTION RELIEF

1. The Plaintiff seeks injunction relief in order to prohibit the defendant from subjecting the Plaintiff to the application of a more harsher and punitive set of parole guidelines in order to deny parole and extend the period of incarceration longer than that which would have been warrented under Title 28 of The District of Columbia Municiple Regulations regarding Parole. These were the guidelines that were in place at the time the Plaintiff committed the alleged offense and was sentence. This application of these more harsher guidelines violate Article 1 § 9 Clause 3 of the ex post facto, due process, equal protection and the double jeporady clauses under the first and fifth Amendment of The United States Constitution.

2. The new harsher United States Parole Commission[here after USPC] guidelines requires a longer period of time to be served before being released on parole. They have change the statutory minimum term to be served on a indeterminate sentence from that which was set by the sentencing Court at the time of sentence.

3. The illegal and unlawful act of the application of these harsher guidelines by the defendants will cause irreparable harm and injury to the Plaintiff as it has to those similarly situated as him. This violation of the Ex post facto clause subjects the Plaintffto more punishment than the law and standards that were in existence at the time the Plaintiff was charged and sentence in 1996. The Plaintiff was sentence before the passage of The National Capitol Revitalization and self Improvement Act of 1997 [Public Law No:105-33] at the time the Plaintiff was sentence Title 28 of The District of Columbia Municipal Regulations 100 et.seq. parole guidelines were governing.

2

4. The Plaintiff asserts that just as the District of Columbia's truth and sentencing standards cannot be applied retroactively because the Plaintiff was sentence before it's passage, the same must be applied with regards to the application of the USPC guidelines. The USPC is appling retroactively more harsher guidelines to the Plaintiff and those similiarly situated, based soley on the primise that the Plaintiff had not had his initial parole hearing prior to August 5,1998. This violates not only Article 1 § 9 Cl.3 of the Ex Post Facto clause but also the Plaintiff's right to due process, equal protection and double jeopardy clause under the First and Fifth Amendments of the United States Constitution.

5. The injunctive relief ask for in this present instance is authorized by 18 USC § 3626[supp.II 1996]. When a statute authorizes injunctive relief, the express statutory language may eliminate some of the equitable factors required for obtaining injunctive relief. See; **EEOC v Cosmair,Inc.** 821 f.2d 1085,1090 [5th Cir. 1987] in ADEA case, when injunctive relief is expressly authorized by statute and statutory conditions are satisfied the Plaintiff need not establish irreparable injury to obtain preliminary injunctive relief. Also See; **Southern Railing v Brotherhood of locomotive firemen** 337 f.2d 127,133 [DC.Cir. 1964]. Plaintiff seeking status quo injunctive relief need not establish prerequisites of irreparable injury and favorable balance of harm.

6. Upon assuming authority and jurisdiction persuant to the Revitalization Act, the defendants have instituted a totally different system of policies, procedures and standards for initial parole/reconsideration and the granting and denying of parole. These new guidelines are vastly different and more harsher then the 28 DCMR § 100 et. seq. parole guidelines that were and still is in effect now. The defendants have even seen fit to clarify it's violation of the Ex Post Facto clause, by stating that the new guidelines will only apply to a specific portion of those sentence before the passage of the Revitalization Act of 1997. The specific portion are those who have not had their initial parole hearings before August 5,1998. This creates a selective discriminatory application for the implimentation of these new harsher guidelines. They have made the rehabilitative components optional that were found in the 28 DCMR parole guidelines,which reflected the struture of the indeterminate sentence that the Plaintiff has. The are formulating their guideline ranges via what it thinks is sufficent punishment when the Court's sentence is deemed not enough.

and are setting new guidelines which range has one staying incarcerated longer before becoming eligiable for parole. This is done even after having satisfied all conditions and completion of the minimum term imposed by the sentencing Court, absent any unusual circumstances that would warrent dening parole. The Ex Post Facto violation here is the same as that which the Court saw and eliminated by allowing the defendant the choice in which sentence would be imposed. The sentence Reform Amendment Act of 2000, states that this is for offenses committed on or after August 5,2000. Since this act was not approved until 5:00pm. on August 11,2000 one was given the option of being sentence either under the old indeterminate sentencing system or under the new determinate sentencing system. This was done only for those persons who were charged with offenses between August 5,2000 and August 11,2000.

7. The arbitary and capricious manner inwhich these guidelines have been applied is geared only in insuring that the lenght of time to be served is substantially longer,that in most cases is well beyond the minimum sentence that was imposed by the sentence Court. The defendant's acts herein violate the authority it has been invested with by Congress, and non-fulfillment of the dutys intrusred it. These acts go against the laws and procedures that were in place at the time of the plaintiffs arrest and sentencing but also those implamented when given the authority to parole D.C. prisoners. The USPC's guidelines show the same kind of Ex Post Facto violation with regards to the 28DCMR guidelines and the USPC's new guidelines that would have been created had not the Courts given the defendant the options in sentencing for those who were sentenced between August 5th and August 11th 2000.

8. Where parole at the initial hearing was very much a possibility for an inmate who had demonstrated a readiness to re-enter society and had satisfied certian condition. This once a possibility has become fictional and only the words to such a possibility remain. Under these new harsher guidelines the initial parole hearing is just a transitional stage.Now once one has finished the minimum term of the sentence imposed by the Court,he now has to begin serving a new sentene established by the USPC.

9. The 28 DCMR parole guidelines stated in pertinent part that the Parole Board shall be authorized to release a prisoner on parole after He or She has completed the minimum term of the sentence imposed, if the following criterias are met: A. The prisoner has observed substantially the rules of the institution; B. There is a reasonable probability that the prisoner will live and remain at liberty without violating the law; C. His release is not incompatible with the welfare of society. The Board may also consider the following 1. Readiness to assume obligations; 2. Family status; 3. Residence after release; 4. Employment and job skills; 5. Adequancy of release plan; 6. Availability of community resources to assist prisoner; 7. Conduct during prison term. The USPC's guidelines render hollow not only these factors which were considered under 28 DCMR guidelines, but also it's responsibility to conduct an examination of these and other mitigating aspects in determining a prisoners readiness to be released. This has been done systematically to undermine and render meaningless the guidelines that established to give prisoners a meaningful possibility at recieving parole once the minimum term has been completed.

10. The USPC's guidelines neglect the readiness of the prisoner to return to society and conduct during confinment unless it's negitive. There are no questions designed to illicit information that would make a prisoners release compatible with the welfare of society. The USPC's guidelines are only concern with the amount of time that has been served not the readiness to return to society and be a productive member of society. The application of these guidelines have removed all the reabilitative components that were in the 28 DCMR guidelines designed for those prisoners sentence under the indeterminate system. These have been replaced with components which are strickly punitive in nature. This is being done by the defendants even though the USPC agreeded with the sentencing Court that the minimum term imposed was sufficent punishment enough for acountability, see;page 3 of the 1997 Revitalization Act dealing with parole. The minimum sentence is set by the Court to establish the amount of time needed to be served for the purpose of assessing accountability sought for the crime committed. The USPC continues to act contrary by establishing their own minimum sentencing range which is substantially longer than that inwhich the Court imposed on the Plaintiff.

11. The USPC has turned the initial parole hearing into a sort of shift. The way this works is that after the initial hearing the prisoner is being shifted into a new slotted guideline range. The new range is established by the USPC after re-reviewing the same information the sentencing Court used to impose the original sentence. We now have the USPC taking on judiciary powers and second guessing the Court as to whether or not the sentence impose was correct. The norm with the USPC is that the Court has errored so the USPC now resentences the prisoner changing the minimum term which violates the plaintiffs double jeopardy protection afforded him by the United States Constitution. In the plaintiffs case this will be done absent new criminal conduct or any negative institutional behavior having been committed. The USPC is upshering the judiciarys authority by issuing and implementing its own sentence for prisoners. When applied these guidelines super-ceed the Courts intentions when it sentenced the plaintiff, violating the seperation of powers doctrine and also shows that the USPC has exceeded its authority which is limited to two duities: 1. To determine whether or not a prisoner is ready to return to society; 2. To give a meaningful parole hearing in accordance with the guidelines. In the plaintiffs case that would be using the 28 DCMR parole guidelines.

12. The USPC has corrupted and compromised the parole eligibilty standards when it decided that none of the factors described in 28 DCMR 200.1 A/B and C have to be considered and by taking out the mandatory wording <u>shall</u> in 200.4 when adopting their guidelines. They have rendered 28 DCMR meaningless catagorizing these factors as discretionary and unessential. Showing further the more harsher application of these guidelines, that leads to the Ex Post Facto violation if the plaintiff is forced to be considered for parole under these guidelines. These guidelines should only be applied to those sentence after the passage of the Revitalization Act of 1997, when the plaintiff was sentence the 28 DCMR parole guidelines were governing all parole decisions.

13. The way inwhich the USPC has established and drawn up its guidelines and the ranges it uses, no prisoner has entered its range apon having his initial hearing. It must be said that while the prisoner has not entered the USPC's range the prisoner has fulfilled the minimum term that was imposed by the sentencing Court. The arbitrary and capricious manner inwhich the defendants apply these new guidelines are geared toward violating the plaintiffs constitutionally guareenteed rights involving not only the Ex Post Facto clause but Due Process, Equal Protection and Double jeopardy insured by the United States Constitution.

6

## IRREPARABLE HARM

1. The Plaintiffs challange centers around the defendants violation of the Ex Post Facto clause, the delial of Due Process, Equal protection under the law and protection from Double jeopardy. These and other harms that will be outlined are imminent, the defendants also violate D.C. code 24§203 A/B and C along with 204§ A by enhancing the Plaintiffs minimum term well beyond that which was imposed by the Courts determination as to how much time should be served before the Plaintiff becomes eligible for parole.

2. The implementation of these standards, policies and guidelines are akin to the punishment imposed under the truth in sentencing Act of 2000. Under this Act only the amount of time to be served is cared about not if the prisoner is ready to be released back into society. This practice alone subjects the Plaintiff to an Ex Post Facto violation.

3. The USPC has continued to raise the bar since the inception of the Revitalization Act of 1997. The standards, policies and guidelines have continue to evolve and change. See Interm Rules, with request for public comments published at 63 FR 39172 July 1998, and has been amended five times since that date at 63 FR 57060 Oct 26,1998; 64 FR 5611 Feb.4,1999; 65 FR 45888 July,2000; and as amended at 68 FR 41530 July 14,2003.

4. The Plaintiff will be subject to having a meaningless initial hearing under the ever evolving guidelines of the USPC. The Plaintiff has the right to be considered under the parole guidelines that were in place when the Plaintiffs offense was committed. Also from the practices of the USPC the Plaintiff will be denied parole at his initial hearing for no reason more than he hasn't served enough time according to their guidelines. Although he has served the minimum term of his sentence with no negative institutional behavior nor any aggravated circumstances that would warrent a departure outside the new guidelines to increase the length of time needed to be served before release on parole. Thee Plaintiff has obtained trades in commercial and residential wiring, computers also commercial Driving. The Plaintiff has community resources available to assist him in his return, the community support with an adequate residence to live once release. The Plaintiff also has secured employment once released on parole.

## SUBSTANTIAL LIKELIHOOD OF SUCESS

1. There is a strong and compelling likelihood that the Plaintiff will sucess on the very merits of the issues that make the need for this Preliminary Injunction essential. The Plaintiffs sucess steams from the defendants blatent violation of the First, Fifth and Fourteenth Amendments of the United States Constitution. The Ex Post Facto clause art.1§9 cl.3 prohibits the application of more harsher and punitive laws, policies, standards or guidelines retroactively than those that were in place at the time the Plaintiff was sentence.

## BALANCE OF HARDSHIP

1. The injuries and irreparable harm done to the Plaintiff and that will be done if this Preliminary Injunction is not granted outweights the injury if any that could be substained by the defendants. Nor would the defendants suffer in their rule making capacity since they already use the guidelines the Plaintiff is seeking to have applied to him. See: **Yakes v US** 321 US. 414,440 64S.ct 660,675 [1944].

2. The impact of the injunction relief sought would have no impact on the non-parties to this civil action. See: **Ward v Walsh** 1 f.3d 873,878 [9th cir 1993].

3. The Plaintiff will suffer severely without the injunctive relief that he is requesting. He will suffer by having to serve a much longer minimum term before becoming eligible for parole, in contrast to the amount of time that would have to be served before release on parole under the guidelines that were in place at the time the Plaintiff offense was committed.

## EFFECT ON THE PUBLIC INTEREST

1. The granting of the injunctive relief requested by the Plaintiff would not adversely affect public policy. The requested relief is in accordance with public policy which is embeded in the D.C. codes and the United States Constitution.

2. It is always in the interest of the public to have public government officials to act and abide by clear and established laws and procedures See; **Hoechst Diafoil Co. v Nanya Plastic Corp.** 174 f.3d 411,417 [4th Cir.1999], and **American Civil Liberties Union v Johnson** 194 f.3d 1149,1163 [10th Cir.1999].

Wherefore, the Plaintiff seeks this injunctive relief to stop the defendants from:

A. Impliminting revised salient factor point scoring system, adopted pursuant to 24 DC. code § 1231[a] section 11231 of the National Capital Self-government Improvement Act of 1997; Subpart-C § 2.80 a,b,c,d,e,f; codified at 28 CFR subpart C § 2.80 et. seq. To all DC. code offenders who were convicted and sentence before the National Capital Self-Government Improvement Act was passed and the activation of the USPC's parole guidelines.

B. Enhancing Plaintiffs statutory indeterminate sentence by implementing the present standards, policies, regulations and practices pursuant to 28 CFR § 2.70 et. seq. whereby establishing a more longer minimum sentence range to be served before being able to be granted parole.

C. Violating 5 USC § 553 Administrative Procedure Act in adopting final rule making procedures.

D. Appling a more harsher set of parole guidelines than those that were in place at the time his offense was committed.

Respectfully Submitted;

Mr. Quentin A. Yates
Fed#11346-007
FCI. Cumberland
Po. Box 1000
Cumberland, Maryland 21501
Date; Jan 16    ,2006

## CERTIFICATE OF SERVICE

I, do hereby certify that on this _16_ Day of _January_, 2006. The original and two copies of the foregoing Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedures, was served by first class mail postage prepaid to the Office of the Clerk of the Court, for The United States District Court for the District of Columbia, at 333 Constitution Avenue. N.W Washington, DC. 20001.

                                              Respectfully Submitted

                                              Mr. Quentin A. Yates
                                              Fed#11346-007
                                              FCI. Cumberland
                                              Po.Box 1000
                                              Cumberland, Maryland 21501