FILED
FEB - 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Quentin Yates, )
No. 11346-007 )
 )
    Plaintiff, )
 )
    v. ) Civil Action No. **06 0234**
 )
United States Parole Commission, )
 )
    Defendant. )
 )

ORDER

Plaintiff, proceeding *pro se*, has moved for a preliminary injunction under Fed. R. Civ. P. 65. To prevail on a motion for a preliminary injunction, he must demonstrate (1) that he is substantially likely to succeed on the merits of the suit, (2) that, without the injunction, he would suffer irreparable harm for which there is no adequate legal remedy, (3) that the injunction would not substantially harm other parties, and (4) that the injunction would not substantially harm the public interest. *Al-Fayed v. Central Intelligence Agency*, 254 F.3d 300, 303 (D.C. Cir. 2001); *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1505-06 (D.C. Cir. 1995).

Plaintiff challenges the U.S. Parole Commission's decisions regarding his parole eligibility on *ex post facto* grounds. He asserts, *inter alia*, that without the injunction, "[h]e will suffer by having to serve a much longer minimum term before becoming eligible for parole." Motion at 8. Parole eligibility does not equate with release from custody. Should plaintiff ultimately prevail on his claim, he would have an adequate remedy through a writ of

*habeas corpus* and/or the granting of a parole hearing. He has not demonstrated irreparable harm. Nor has he demonstrated the remaining factors for such emergency relief. Accordingly, it is

**ORDERED** that the motion for a preliminary injunction is **DENIED**; and it is

**FURTHER ORDERED** that the motion for a preliminary injunction is construed as a civil complaint, which the Clerk is directed to randomly assign to a district judge. A separate order granting plaintiff's motion to proceed *in forma pauperis* will be issued contemporaneously.

/s/ E. S. Huvelle
United States District Judge