UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUENTIN YATES, <br> #11346-007 <br> F.C.I Cumberland <br> PO Box 1000 <br> Cumberland, MD 21501 <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES <br> PAROLE COMMISSION, <br><br> Defendants. | Civil Action No.06-0234 (JDB) |

**MOTION FOR AN ENLARGEMENT OF TIME**

The defendant, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves the Court for an enlargement of time to respond to plaintiff's Complaint (Motion for Preliminary Injunction) up to and including April 28, 2006.

The United States Attorney's Office was just served with the Complaint-Motion for Preliminary Injunction yesterday.  Plaintiff pro se seeks to have the parole guidelines in effect at the time he was convicted applied to him rather than the "more stringent" guidelines presently in effect (Complaint ¶¶ 1-3).  Plaintiff seeks an injunction preventing the implementation of the new parole guidelines against him.  While plaintiff pro se has called this a "motion for preliminary injunction," there is nothing in the complaint which suggests that he seeks preliminary relief rather than a decision on the merits.  Indeed, it appears from the summons that the Court is treating this matter as a complaint

for injunctive relief rather than a motion for preliminary injunction. In any event, it would contribute to the efficient resolution of this matter to combine consideration of any motion for preliminary relief with the merits pursuant to Fed.R. Civ.P. 65(a)(2) and to establish as the due date for defendant's response the same date set by Fed.R. Civ.P. 12(a)(3)(A) for defendant's answer, i.e. April 28, 2006.

Plaintiff is pro se and is currently incarcerated at a Federal Correctional Institution. He was not contacted concerning this motion.[1]

Wherefore, it is respectfully requested that the defendant have up to and including April 28, 2006 to answer or otherwise respond to the complaint.

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss nondispositive motions with "opposing *counsel.*" It does not require counsel to discuss those motions with pro se parties. Nonetheless, it has been the general practice of this office to attempt to discuss such motions with nonprisoner pro se parties. This practice is informed by, and consistent with, Local Civil Rule 16.3(a). Local Civil Rule 16.3(a) excludes prisoner pro se parties from the Court's meet-and-confer requirements. Specifically, that Rule requires "[c]ounsel (including any *nonprisoner* pro se party)" to meet and confer prior to a scheduling conference. LCvR 16.3(a).

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. Bar #451058
United States Attorney


_____
R. CRAIG LAWRENCE, D.C. Bar #171538
Assistant United States Attorney


_____
DIANE M. SULLIVAN, D.C. Bar #12765
Assistant United States Attorney
555 4TH St., N.W.,
Civil Division
Washington, D.C.  20530
(202) 514-7205

3

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing was sent by First-Class mail, postage prepaid to:

QUENTIN YATES,
#11346-007
F.C.I Cumberland
PO Box 1000
Cumberland, MD 21501

on this _____ day of February, 2006.

            _____
            DIANE M. SULLIVAN
            Assistant United States Attorney
            555 4TH St., N.W.,
            Civil Division
            Washington, D.C.  20530
            (202) 514-7205