## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

QUENTIN YATES,          )
#11346-007             )
F.C.I Cumberland       )
PO Box 1000           )
Cumberland, MD 21501   )
                      )
       Plaintiff,     )
                      )
       v.            )   Civil Action No.06-0234 (JDB)
                      )
UNITED STATES         )
PAROLE COMMISSION,    )
                      )
       Defendants.    )

## MOTION FOR AN ENLARGEMENT OF TIME

The defendant, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, moves the Court for an enlargement of time to respond to plaintiff's Complaint (Motion for Preliminary Injunction) up to and including May 17, 2006.

Plaintiff pro se seeks to have the parole guidelines in effect at the time he was convicted applied to him rather than the "more stringent" guidelines presently in effect (Complaint ¶¶ 1-3). Plaintiff seeks an injunction preventing the implementation of the new parole guidelines against him. However, plaintiff is not eligible for parole until 2008. While plaintiff pro se has called this a "motion for preliminary injunction," there is nothing in the complaint which suggests that he seeks preliminary relief rather than a decision on the merits.

Counsel for defendant has just received the litigation

report from the agency.  Counsel needs to familiarize herself
with the issues and applicable law before preparing a dispositive
motion.  In addition, counsel needs time to review <u>Fletcher v.
District of Columbia, et al.</u>, Civil Action No. 01-0601 presently
pending before this which Court may be related to the instant
case.

Plaintiff is <u>pro se</u> and is currently incarcerated at a
Federal Correctional Institution.  He was not contacted
concerning this motion.[1]  But as noted above, he is not eligible
for parole until 2006.  Consequently, this short delay will not
prejudice plaintiff.

Wherefore, it is respectfully requested that the defendant
have up to and including May 17, 2006 to answer or otherwise
respond to the complaint.

---

[1] Local Civil Rule 7.1(m) requires "counsel" to discuss
nondispositive motions with "opposing *counsel*." It does not
require counsel to discuss those motions with <u>pro se</u> parties.
Nonetheless, it has been the general practice of this office to
attempt to discuss such motions with nonprisoner <u>pro se</u> parties.
This practice is informed by, and consistent with, Local Civil
Rule 16.3(a).  Local Civil Rule 16.3(a) excludes prisoner <u>pro se</u>
parties from the Court's meet-and-confer requirements.
Specifically, that Rule requires "[c]ounsel (including any
*nonprisoner <u>pro se</u> party)*" to meet and confer prior to a
scheduling conference.  LCvR 16.3(a).

Respectfully submitted,

___/s/___ _Kenneth L. Wainstein_

KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

___/s/___ _Rudolph Contreras_

RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

___/s/___ _Diane M. Sullivan_

DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7205

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by

First-Class mail, postage prepaid to:

QUENTIN YATES,
#11346-007
F.C.I Cumberland
PO Box 1000
Cumberland, MD 21501

on this ____28th____ day of April, 2006.

_Diane M Sullivan_
DIANE M. SULLIVAN
Assistant United States Attorney
555 4TH St., N.W.,
Civil Division
Washington, D.C.  20530
(202) 514-7205