UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUENTIN YATES,<br>#11346-007<br>F.C.I Cumberland<br>PO Box 1000<br>Cumberland, MD 21501<br><br>      Plaintiff,<br><br>      v.<br><br>UNITED STATES<br>PAROLE COMMISSION,<br><br>      Defendant. | Civil Action No.06-0234 (JDB) |

**DEFENDANT'S MOTION TO DISMISS,
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

The defendant, pursuant to Rule 12(b)(1) and (b)(6) and Rule 56 of the Federal Rules of Civil Procedure, moves to dismiss the complaint for failure to state a claim upon which relief may be granted and for lack of jurisdiction. Alternatively, the defendant moves the Court for summary judgment on the grounds that there are no material facts in dispute and the defendant is entitled to judgment as a matter of law.

In support of this motion, the defendant submits the attached memorandum of points and authorities, statement of material facts as to which there is no genuine issue, and exhibits A-F.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary

evidence contradicting the assertions in defendant's attachments. See <u>Neal v. Kelly</u>, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

Respectfully submitted,

__/s/_ *Kenneth L. Wainstein*
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

__/s/_ *Rudolph Contreras*
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/_ *Diane M. Sullivan*
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7205

Of Counsel:
DOUGLAS THIESSEN
Office of General Counsel
U.S. Parole Commission

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| QUENTIN YATES,<br>#11346-007<br>F.C.I Cumberland<br>PO Box 1000<br>Cumberland, MD 21501<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES<br>PAROLE COMMISSION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No.06-0234 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

**Factual Background**

Plaintiff Quentin Yates is currently serving an aggregated 36-year D.C. Code prison sentence imposed in Superior Court Case No. F-253-96 for his convictions for aggravated assault while armed and carrying a pistol without a license (Exhibit A, sentence computation; Exhibit B, judgment and commitment order). Plaintiff committed those offenses on January 12, 1996, by firing approximately six gun shots at a victim with a nine millimeter handgun (Exhibit C, presentence report at page 2). On March 30, 2006, plaintiff applied for an initial parole consideration with the U.S. Parole Commission ("Commission") (Exhibit E, parole application). On the same date, plaintiff reviewed a Federal Bureau of Prisons progress report for submission to the Commission (See Exhibit F). Plaintiff will not become eligible for parole

until January 11, 2008 (Exhibit A at page 2 and Exhibit D, D.C. "Face Sheet.").

Plaintiff alleges that the Commission will apply its parole guidelines for D.C. Code offenders rather than the D.C. Parole Board's guidelines to him in violation of ex post facto, due process, equal protection, and double jeopardy (Complaint). He asks that this Court preliminarily enjoin the Commission from applying the guidelines at 28 C.F.R. § 2.80 in his case.

The Complaint should be dismissed in its entirety. This Court lacks jurisdiction, because plaintiff has not demonstrated that he is entitled to preliminary relief, nor has he identified an injury in fact that is redressable in this Court; and because plaintiff's claims lack merit.

**Argument**

**I. Standard of Review**

**A. Summary Judgment Standard**

Summary judgment is appropriate if a party fails to establish an essential element of his case on which he bears the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). In deciding on a summary judgment motion, the fact-finder must draw inferences from the record in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Celotex Corp., 477 U.S. at 330.

There is no genuine issue of material fact if the relevant

2

evidence, taken as a whole, indicates that a reasonable fact-finder could not return a verdict for the non-moving party. Anderson, 477 U.S. at 248; Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Mere allegations or denial in the non-moving parties' pleadings are insufficient to defeat an otherwise proper motion for summary judgment. Matsushita, 475 U.S. at 586. Where the evidence is merely colorable or is not significantly probative, summary judgment may be granted. Anderson, 477 U.S. at 249-50; see also Aka v. Washington Hospital Center, 156 F.3d 1284, 1294 (D.C. Cir. 1998). Where the factual context renders his position implausible, the party opposing summary judgment must come forward with strong persuasive evidence to defeat it. Matsushita, 475 U.S. at 587.

**B. Motion to Dismiss Standard**

A motion under Rule 12(b)(6) "tests the legal sufficiency of the complaint." ACLU Foundation of Southern Calif. v. Barr, 952 F.2d 457, 472 (D.C. Cir. 1991). When reviewing such motions, the Court must take the allegations in the non-movant's pleading as true. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Sinclair v. Keindienst, 711 F.2d 291, 293 (D.C. Cir. 1983). However, "a court must accept only well-pleaded allegations of fact, it need not accept legal conclusions." Taiwo Okusami v. Psychiatric Institute of Washington, Inc., 959 F.2d 1062, 1069 (D.C. Cir. 1992) (Sentelle, J., concurring in part and dissenting in part) (quoting

3

5A Wright & Miller, <u>Federal Practice and Procedure</u>, § 1357 at 315) (internal quotes omitted); Even for <u>pro se</u> plaintiffs, "the district court 'need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations.'" <u>Henthorn v. Department of Navy</u>, 29 F.3d 682, 684 (D.C. Cir. 1994) (quoting <u>Kowal v. MCI Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

A court may consider evidence beyond the pleadings in ruling on a 12(b)(1) motion challenging jurisdiction, though it is not required to do so. <u>See</u> <u>Herbert v. National Academy of Science</u>, 974 F.2d 192, 197 (D.C. Cir. 1992). In ruling on a 12(b)(6) motion, a court is limited to the allegations in the complaint and "other matters of public record including court files, records and letters of official actions or decisions of government agencies and administrative bodies, documents referenced and incorporated in the complaint and documents referenced in the complaint or essential to a plaintiff's claim which are attached to a defendant's motion." <u>See</u> <u>Arizmendi v. Lawson</u>, 914 F. Supp. 1157, 1160-61 (E.D. Pa. 1996).

II. **<u>Plaintiff has not alleged an injury in fact and fails to state a redressable claim</u>**.

Plaintiff asks this Court to intervene in the execution of his sentence before he has become eligible for parole consideration and before the Commission has had an opportunity to consider him for

4

parole. Plaintiff lacks standing because he has not identified a continuing injury that is redressable by this Court. "It is axiomatic that in order to invoke the powers of a federal court, the plaintiff must 'show an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation.'" Brown v. Fauver, 819 F.2d 395, 400 (3d Cir. 1987), quoting Simon v. Eastern Ky. Welfare Rights Or., 426 U.S. 26, 38 (1976). Plaintiff must therefore show that he has suffered an injury with a causal connection to the complained of behavior. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992). Furthermore, injunctive relief is only justified where a plaintiff can show a continuing, adverse effect resulting from the complained of behavior on the defendant's part. See Los Angeles v. Lyons, 461 U.S. 95, 102 (1983).

Here, plaintiff has not and can not identify an injury (and certainly no continuing injury or irreparable injury) because he has not yet become eligible for parole. As the record shows, plaintiff will only become eligible for parole release on January 11, 2008 (Exhibit A at page 2).[1] Under the Commission's procedures for considering D.C. inmates for parole, plaintiff is not entitled

---

[1] Plaintiff, throughout his complaint, confuses eligibility for parole and suitability for parole. Contrary to plaintiff's assertion, eligibility for parole is determined by the statutory minimum sentence imposed by the Court, not the application of the Commission's guidelines. See Footnote No. 3 infra.

5

to a hearing before the Commission until 180 days before his eligibility date (in August 2007). See 28 C.F.R. § 2.72(b). Plaintiff's claim that the application of the Commission's guidelines for D.C. Offenders at 28 C.F.R. § 2.80 would result in a lengthier period of incarceration than under the 1987 guidelines of the D.C. Board of Parole is speculative at best. The U.S. Parole Commission passed interim parole regulations incorporating the rehabilitative factors of the D.C. Board of Parole guidelines. See 28 C.F.R. §§ 2.73, 2.80 (1999)(citing Cosgrove v. Thornburgh, 705 F. Supp. 995, 1003-1004 (D.D.C. 1998). The final rules were promulgated in 2001. See 28 C.F.R. § 2.80 (2001); see also Fletcher v. Reilly, 433 F.3d 867, 878 (D.C. Cir. 2006). In both cases, the guidelines take into account post-incarceration factors before determining suitability for parole. Id.

In order to demonstrate that the Commission's guidelines for D.C. Code offenders violated the ex post facto prohibition, plaintiff must "show that as applied to his own sentence the law created a significant risk of increasing punishment." Fletcher v. District of Columbia, 391 F.3d 250, 251 (D.C. Cir. 2004)(Fletcher II), quoting Garner v. Jones, 529 U.S. 244, 255 (2000).[2] Because

---

[2] Currently pending before the Court is Fletcher v. U.S. Parole Comm'n, Civil Action No. 01-0601 (JDB) and Fletcher v. Reilly, Civil Action No. 01-2508. The issues raised in the instant complaint are obviously similar to those in Fletcher, but the factual circumstances differ substantially between the two cases. The Fletcher litigation involves a "searching comparison" of reparole practices under 1978 regulations of the D.C. Board of

the Commission's guidelines have not been applied to plaintiff's case, there is no way for plaintiff to show an injury. Moreover, the factual record upon which the Commission will consider his parole suitability has not been fully developed. Plaintiff cannot demonstrate an injury in fact. Plaintiff's post-incarceration behavior has at least another year before it can be fully evaluated. Plaintiff has sustained no present injury and fails to demonstrate he will sustain any injury in the future. Moreover, on the present record an adequate comparison of the effect of the change in regulations on plaintiff's sentence is premature. Accordingly, the complaint should be dismissed because plaintiff has failed to state a cognizable claim upon which relief can be granted.

III. **Plaintiff's Claim Lacks Merit**.

To the extent that plaintiff is arguing that application of the Commission's guidelines for D.C. Code offenders to him, rather

---

Parole and the Commission's reparole guidelines for D.C. Code offenders at 28 C.F.R. § 2.81. See Joint Discovery Plan and Stipulation at page 2. Here, plaintiff addresses two different sets of guidelines in his complaint: the 1987 guidelines of the D.C. Board of Parole and the Commission's guidelines for D.C. Code offenders at 28 C.F.R. § 2.80. Moreover, the instant complaint does not involve the Commission's reparole guidelines which are admittedly different than the prior D.C. guidelines because they do not take into account post-incarceration factors. Fletcher III at 433 F.3d 869,871. Rather, the instant complaint involves the current Commission guidelines on parole suitability which did incorporate post-incarceration behavior. See Fletcher III, 433 F.3d at 878. The parole guidelines are "materially different" than the reparoled guidelines at issue in Fletcher. Id.

7

than the D.C. Board's guidelines, would result in a lengthier period of incarceration in violation of the United States Constitution, that claim has no merit. In <u>Fletcher v. Reilly</u>, 433 F.3d 867, 878 (D.C. Cir. 2006)(<u>Fletcher III</u>), the Court of Appeals found that the Commission's parole regulations, which were upheld in <u>Glascoe v. Bezy</u>, 421 F.3d 543 (7th Cir. 2005) against an <u>ex post facto</u> challenge, were not materially different from the D.C. Board's previous regulation because they significantly considered post-incarceration factors. In <u>Glascoe</u>, unlike the instant case, there was a fully developed record before the Commission. <u>See Fletcher III</u>, 433 F.3d at 878-79. Without a fully developed administrative record to capture all of the post-incarceration factors that may be addressed in the guidelines and evaluated by the Commission, plaintiff cannot demonstrate that the Commission's application of the guidelines to his case would result in an <u>ex post facto</u> violation. Thus, plaintiff's claim is premature and lacks merit.

**IV.   The Court Lacks Jurisdiction over the Complaint Because it Sounds in Habeas.**

This Court lacks jurisdiction to entertain plaintiff's claim. It is clear that plaintiff is seeking relief that sounds in habeas corpus. Habeas corpus is the exclusive remedy for a prisoner who alleges that he is "being deprived of the chance to secure his release." <u>Chatman-Bey v. Thornburgh</u>, 864 F.2d 804, 809 (D.C. Cir. 1988)(<u>en banc</u>).

Plaintiff is squarely challenging the Commission's prospective application of its parole guidelines to him, and he unequivocally asserts that application of the Commission's guidelines to him will necessarily result in a longer sentence. See Complaint at page 8 ("The Plaintiff will ... suffer by having to serve much longer minimum term before becoming eligible for parole, in contrast to the amount of time that would have to be served before release on parole under the guidelines that were in place at the time the Plaintiff [sic] offense was committed.")[3] Where a prisoner challenges his custody in such a manner, the prisoner must bring his claim in habeas. See Anyanwutaku v. Moore, 151 F.3d 1053, 1055-56 (D.C. Cir. 1998), citing Preiser v. Rodriguez, 411 U.S. 475 (1973).

The undisputed record (including the complaint) illustrates that plaintiff is incarcerated at the Federal Correctional Institution in Cumberland, Maryland. The law is clear that a

---

[3] Plaintiff repeatedly confuses parole eligibility with parole suitability (emphasis supplied). Parole eligibility is fixed by statute based on the mandatory minimum sentence imposed by the Court and does not change with changes in parole guidelines. In plaintiff's case, he will become eligible for parole on January 11, 2008 (See Exhibit A at page 2). Parole suitability, on the other hand, is a discretionary item to be determined by the Commission. In assessing plaintiff's parole suitability (and thus when he is no longer a public safety risk under D.C. Code § 24-404(a)), the Commission will use the parole guidelines at 28 C.F.R. § 2.80 as a guide. The Commission, however, retains authority to depart from those guidelines when the Commission, in its discretion, finds that a prisoner's parole suitability is not adequately captured by the guidelines. See 28 C.F.R. § 2.80(n).

habeas petitioner must bring his habeas petition in the district in which he is incarcerated and name the person having custody over him as the respondent. See Guerra v. Meese, 786 F.2d 414 (D.C. Cir. 1986). Thus, plaintiff's complaint properly belongs in the District of Maryland.

Plaintiff does not claim any past injury and requests only prospective injunctive relief. But plaintiff's claim, even if taken as true, proves too much. In order to meet his burden for preliminary injunctive relief, plaintiff must show that there is a likelihood of success on the merits of his claim - that the Commission's application of its guidelines would necessarily result in him serving more time in prison. If he met this burden, though, his claim would necessarily imply a speedier release, resulting in exclusive habeas jurisdiction in the District of Maryland. See Anyanwutaku, supra, 151 F.3d at 1055-56. So, the complaint must either be dismissed because it sounds in habeas, or because he cannot demonstrate a likelihood of success on the merits.

To the extent that plaintiff invokes 18 U.S.C. § 3626 as a jurisdictional basis, that claim has no merit. Section 3626 is a statute delineating the injunctive relief a court may enter in a validly filed civil action, and it does not confer jurisdictional on its own. Furthermore, the statute applies to prison conditions, which are not the subject of the complaint, and as noted above, plaintiff is not incarcerated in this district. Accordingly, the

Court has no jurisdiction to enter an injunction under 18 U.S.C. § 3626.

V.  **<u>Plaintiff Is Not Entitled to Preliminary Relief</u>**

The <u>pro se</u> complaint was inappropriately styled as a Motion for Preliminary Injunction. Plaintiff fails to meet the necessary burden of proof for obtaining preliminary relief. <u>Washington Metro Transit Comm'n v. Holiday Tours, Inc.</u>, 559 F.2d 841, 843 (D.C. Cir. 1977); <u>Virginia Petroleum Jobbers Ass'n v. FPC</u>, 259 F.2d 921, 925 (D.C. Cir. 1958). Plaintiff has failed to establish a likelihood of success on the merits. He has failed to establish that the Commission's guidelines affect in anyway his eligibility for parole since the mandatory minimum sentence is set by statute and imposed by the Court (Exhibit A). Similarly, plaintiff has failed to establish that application of the Commission's guidelines will necessarily result in a longer sentence.

The plaintiff cannot establish irreparable injury. As noted previously, the mandatory minimum sentence is imposed by statute and the Court, not the Commission. Plaintiff has sustained no injury at the hands of the Commission and fails to demonstrate that he will sustain future injury. The Commission's new guidelines presently consider post-incarceration factors similar to the D.C. Parole Board guidelines. Plaintiff's prospective injury is speculative at best since he has at least a year before his post-incarceration behavior can be fully evaluated under either set of

guidelines. Plaintiff fails to establish "a clear and unequivocal" right to the relief he seeks. <u>SCFC v. Visa USA, Inc</u>. 936 F.2d 1096, 1098 (10th Cir. 1991). Finally, the plaintiff completely fails to demonstrate that the public interest is served by prematurely evaluating and/or releasing him with his extensive criminal record (Exhibit C). <u>See also</u> <u>Al-Fayed v. Central Intelligence Agency</u>, 254 F.3d 300, 303 (D.C. Cir. 2001). Accordingly, plaintiff's request for preliminary relief should be denied.

## CONCLUSION

For the foregoing reasons, the complaint should be dismissed.

Respectfully submitted,

/s/ *Kenneth L. Wainstein*
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ *Diane M. Sullivan*
DIANE M. SULLIVAN, D.C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7205

Of Counsel:
DOUGLAS THIESSEN
Office of General Counsel
U.S. Parole Commission

```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

QUENTIN YATES,                     )
#11346-007                         )
F.C.I Cumberland                   )
PO Box 1000                        )
Cumberland, MD 21501               )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )   Civil Action No.06-0234 (JDB)
                                   )
UNITED STATES                      )
PAROLE COMMISSION,                 )
                                   )
        Defendant.                 )
_____)

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

The defendant, in accordance with Local Rule 7(h), submits the following statement of material facts as to which there is no genuine issue.

1. Plaintiff Quentin Yates is presently serving an aggregated 36 year prison sentence under the D.C. Code imposed by the Superior Court for the District of Columbia (Exhibit A).

2. Plaintiff was convicted for aggravated assault while armed and carrying a pistol without a license (Exhibits A and B). On January 12, 1996, plaintiff fired approximately six gun shots at a victim with a nine millimeter handgun (Exhibit C).

3. On March 30, 2006, plaintiff applied for initial parole consideration with the U.S. Parole Commission (Exhibit E).

4. On March 30, 2006, plaintiff also reviewed a Federal Bureau of Prisons progress report for submission to the U.S. Parole

Commission (Exhibit F).

5. Plaintiff is not eligible for parole until January 11, 2008 (Exhibit A, p. 2; Exhibit D [D.C. "Face Sheet"]).

6. Plaintiff is not entitled to a hearing before the Commission until August 2007. 28 C.F.R. § 3.72(b).

Respectfully submitted,

__/s/__ _Kenneth L. Wainstein_
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

__/s/__ _____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

__/s/__ _Diane M. Sullivan_
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Civil Division
Washington, D.C. 20530
(202) 514-7205

Of Counsel:
DOUGLAS THIESSEN
Office of General Counsel
U.S. Parole Commission

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was sent by First-Class mail, postage prepaid to:

QUENTIN YATES,
#11346-007
F.C.I Cumberland
PO Box 1000
Cumberland, MD 21501

on this ___17th___ day of May, 2006.

                                           */s/ Diane M. Sullivan*
                                       DIANE M. SULLIVAN
                                       Assistant United States Attorney
                                       555 4TH St., N.W.,
                                       Civil Division
                                       Washington, D.C.  20530
                                       (202) 514-7205