# Exhibit C

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
SOCIAL SERVICES DIVISION - ADULT BRANCH

## PRESENTENCE REPORT

Re: Quenton Yates

To: The Honorable Noel Kramer

From: Probation Officer John J. Walsh

PDID No.: 425-661
Docket No.: F-153-96D,G
Date Referred: 6-28-95
Date Due: 8-12-96
Sentencing Date: 8-15-96

---

**Defendant Information:**
True Name: Quentin Andrew Yates

Aliases: Quentin Andrew Yates

Age/Birthdate: 25/10-4-70   Sex: Male

Time in D.C. Area: Lifetime

Marital Status: Married   Dependents: 0

Social Security No.: 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

DCDC No.: 268-672

Address: 3021 Sunset Lane
Suitland, MD 20746

Tel. #: 301-731-6569

Birthplace: Wash., D.C.

Citizenship: U.S.
Alien No.: N/A

Education: G.E.D.

Permit No.: MD (#Unknown)

FBI No.: 593 329 KA8

---

Offense, Code and Penalty: Count D; Aggravated Assault While Armed; 22-504, 3202; up to life (Subject to mandatory minimum sentence of five years). Count G; Carrying a Pistol without a License Outside of Business or Home; 22-3204; five years/$5,000

Plea: Guilty   Judgment: Guilty   Bond Status: No Bond

Detainers or Pending Charges: See Prior Record

Co-defendants:
None listed   (Dkt No.):   (Status):
              (Dkt No.):   (Status):

AUSA: Brad Weinsheimer   Telephone: 202 514-7461

Defense Counsel: Richard Finci   Telephone: 301 459-8200

"In accordance with the U.S. Parole Commission and Reorganization Act, Public Law 94-233, dated March 15, 1976 this report is disclosable to inmates in federal institutions for purposes of parole consideration."

**CONTACTS:**

7-15-96    Telecommunication interview of defendant

8-2-96    Telephone call to AUSA (message left)

Telephone call to defendant's mother (message left)

Telephone call to Maryland Probation and Parole

**OFFICIAL VERSION:**

According to the arrest report, the offense took place on January 12, 1996 near the Mirage Night Club. An altercation between the defendant and two complainants was reported to the Police Department. The altercation resulted in one of the complainants and the defendant being removed from the club.

Initially, according to the second complainant, the defendant and the other person left in different directions. The defendant returned to the scene, however, and exchanged words with the first complainant. Then, according to the second complainant, the defendant pulled out a handgun from his pants pocket and fired approximately six shots at the complainant.

The second complainant ran inside the club and alerted police officers working off-duty. One officer who heard three shots ran to the scene and saw the defendant fleeing while carrying a handgun. The Officer apprehended the defendant in the nearby McDonalds' parking lot and recovered a Browning 9 millimeter handgun.

The first complainant collapsed at the scene and was transported to George Washington Hospital where he was admitted for a gunshot wound to the lower hip. Three 9 millimeter shell casings were recovered from the scene of the shooting. The defendant was identified by the second complainant who stated, "That's the one that did the shooting."

A request for a Victim Impact Statement was not sent, because the complainant's address and telephone number were not forwarded to the probation department by the United States Attorney's Office.

**DEFENDANT'S VERSION:**

The defendant said that he went with friends on the night of the offense to several clubs. He started drinking early and states that he was under the influence of alcohol when the offense took place.

An argument started resulting in him and several others being thrown out of the club, he said. "We were on our way to the car when Mr. McCombs and another guy walked toward us" the defendant said. The defendant states that he saw something in one of the other men's hands. "I was handed a gun by Tony Evans," the defendant said.

**DEFENDANT'S VERSION:** continued

He reports that he heard a shot and that he fired back. Then, he ran to the nearby McDonald, he said.

**PRIOR CRIMINAL RECORD:**

**JUVENILE:** Washington, DC: No record.

**ADULT**

**Landover, MD**

| | | | |
|---|---|---|---|
| 5-23-89 | Robbery with a Deadly Weapon (2 Counts) | Not listed | FBI |
| 8-31-89 | Poss. of CDS with Intent to Dist. | 6 yrs, 3 yrs suspended | FBI |
| 9-15-89 | CDS Dist. of Cocaine | 8-5-93: 6 yrs., 3 yrs. suspended, 5 yrs. prob. | FBI/MDPO |

**Washington, D.C.**

| | | | |
|---|---|---|---|
| 10-14-89 | Unauthorized Use of an Automobile F-11967-89A | No papered: 10-16-89 | FBI/MDP/DCSC |

**Prince Georges County, MD**

| | | | |
|---|---|---|---|
| 9-9-91 | Poss. with Intent to Dist. | Not listed | FBI |
| 11-21-91 | Assault with Intent to Murder | Not listed | FBI |
| 11-24-91 | Assault with Intent to Murder | Not listed* | FBI |

* On 8-4-93 defendant sentenced for Use of a Handgun and Malicious Wounding to 9 yrs., 4 yrs suspended, 2 yrs. probation. Maryland Parole agent was unable to link to an arrest.

| | | | |
|---|---|---|---|
| 8-17-95 | Conspiracy to Dist. Cocaine | Bench warrant: 4-9-96 | FBI/MDPO |

04/28/06 08:30 FAX 301 492 5563   US PAROLE COMMISSION                    ☒008
Case 1:06-cv-00234-JDB   Document 11-4   Filed 05/17/2006   Page 5 of 9

4

**PRIOR CRIMINAL RECORD:  continued**

Washington, DC

| Date | Charge | Disposition | Source |
|---|---|---|---|
| 1-12-96 | Assault with Intent to Kill While Armed F-253-96A | No papered: 1-12-96 | FBI/MP; /DCSC |
| | Assault with a Dangerous Weapon-Gun Count B | Dismissed: 3-14-96 | DCSC |
| | Assault with Intent to Kill While Armed Count C | To be dismissed: 8-15-96 | DCSC |
| | Aggravated Assault While Armed Count D | **Instant Offense** | DCSC |
| | Mayhem While Armed Count E | To be dismissed: 8-15-96 | DCSC |
| | Poss. of a Firearm During a Violent/ Dangerous Offense Count F | To be dismissed: 8-15-96 | DCSC |
| | Carrying a Pistol without a License Count G | **Instant Offense** | DCSC |
| | Unregistered Firearm Count H | To be dismissed 8-15-96 | DCSC |
| | Unlawful Poss. of Ammunition Count I | To be dismissed: 8-15-96 | DCSC |
| | Poss. of Prohibited Weapon-Gun Count J | To be dismissed: 8-15-96 | DCSC |

04/28/06 08:30 FAX 301 492 5563    US PAROLE COMMISSION                                        ⌐009
Case 1:06-cv-00234-JDB    Document 11-4    Filed 05/17/2006    Page 6 of 9

5

**PAROLE/PROBATION/PRE-DISPOSITION ADJUSTMENT:**

The defendant was released on parole in the State of Maryland on 5-4-95, according to Jeffrey Smith Probation and Parole Agent, Hyattsville office, telephone number 301-985-3400. The defendant reported employment for his mother which the parole agent reagarded as unsatisfactory. The defendant's parole was revoked in December 1992; he was parole again in May 1995.

The parole officer notes that he is also supervising the defendant for Malicious Wounding and Use of Handgun. The defendant was sentenced on 8-4-93 to nine years with all but five years suspended and two years probation ordered for Malicious Wounding. He received a five year sentence for the Use of a Handgun. However, the parole agent was unable to link the charges with an arrest listed on the defendant's record.

The defendant was interviewed for this report via the telecommunication system. He was cooperative during the interview.

**EMPLOYMENT HISTORY:**

From: 1995 to 1996
Name of Employer: Alice Yates (defendant's mother)
Address: 3012 30th Street, S.E., Wash. D.C.
Telephone Number: 301-735-6569
Position/Salary: Maintenance
Reason for Leaving: Incarceration
Verification: Defendant's mother: this is the same employment reported to the defendant's parole agent.

From: 1991 to 1995 : Incarcerated or unemployed

**SOCIAL HISTORY:**

Sources of Verification: Defendant, Alice Yates, the defendant's mother.

### Family History:

The defendant is the only child of Quentin A. Yates, Sr. and Alice Yates. The defendant's father died in 1974 when the defendant was four years old. He states that he does not know the cause of death but has been informed that it was from natural causes.

The defendant was raised by his mother and maternal grandmother. His mother is a registered nurse who once worked at St. Elizabeths Hospital. She retired from there and currently works at the Psychiatric Day Care Center on the grounds of Providence Hospital.

The defendant reports that he was raised in a stable and loving home. He reports no incidents of abuse or neglect.

04/28/06 08:30 FAX 301 492 5563   US PAROLE COMMISSION                    ☐010
Case 1:06-cv-00234-JDB   Document 11-4   Filed 05/17/2006   Page 7 of 9

6

SOCIAL HISTORY: continued

### Education/Training:

The defendant attended both public and private schools in the State of Maryland. He reports that he attended Forrestville and Friendly High Schools in the Prince Georges County public school system. He also attended Bishop McNamara, a Roman Catholic High School.

He states that he did not complete school because of his criminal involvement. He obtained a GED, however, during his incarceration in Cumberland, Maryland. He also attended college during his years of incarceration. He states that he attended the University of Maryland Eastern Shore in Spring 1995, taking business management.

### Military:

The defendant is registered with the Selective Service System, but he has never served in the armed forces.

### Marital Status and Living Arrangements:

After his release from the Maryland Department of Corrections in 1995, the defendant lived with his mother. He states that he then went to live with his future wife, Erica Bryant-Yates. He met her at a club, he states, in August of 1995. He went to live with her and her three children in October 1995 and remained there until his arrest for the Instant Offense in January 1996. They married at D. C. Jail on May 22, 1996, he states.

### Financial Status:

The defendant reports that he does not have any assets or liabilities.

### Health:

Good health in childhood and adulthood is reported by the defendant. He states that he has never been shot or stabbed. He also states that his mental health is good. He said that he saw a psychiatrist in 1987 on a referral from the Maryland Juvenile Court. Regarding this counseling he states that "it didn't work because I was too young". As he recalls, the referral was made in an attempt to learn the cause of his unruly behavior.

### Substance Use/Abuse:

The defendant states that he used PCP and marijuana daily. He also drank everyday, preferring cognac or gin he reports. He has never been in an alcohol or drug treatment program. However, he seeks entrance into one and reports that he has applied for admittance to a program in the state of Colorado.

04/28/06 08:30 FAX 301 492 5563    US PAROLE COMMISSION                    ⌐010
Case 1:06-cv-00234-JDB    Document 11-4    Filed 05/17/2006    Page 8 of 9

7

**EVALUATION AND DIAGNOSIS:**

Defendant Quenton Yates, age 25, has pleaded guilty to Aggravated Assault while Armed and Carrying a Pistol without a License. He was on parole in the State of Maryland for Distribution of Cocaine, Malicious Wounding, and Use of a Handgun.

The defendant's behavior in the Instant Offense and his record of violent offenses, define him as a dangerous offender. He was on parole when the Instant Offense occurred and his parole was previously revoked when he used a handgun in a malicious wounding offense. Joined to his violent impulses is his use of drugs and alcohol. His record alone makes him unsuitable for community supervision in this jurisdiction.

Nevertheless, sentencing alternatives are not an option because a mandatory minimum sentence is required by law for Aggravated Assault While Armed. Consequently, he is not eligible for the Urban Services Program.

**TREATMENT PLAN:**

In view of the mandatory minimum sentence requirement no treatment plan is submitted.

**RECOMMENDATION:**

In accordance with the statutory requirement, incarceration is recommended.

Respectfully submitted,

John J. Walsh
Probation Officer
8-1905

Approved by: _John F. Finley_ 75.00
Supervisory Probation Officer
508-1872

JW/