UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Quentin A. Yates
    Plaintiff

   V.

United States Parole
Commission
    Defendant

Civil Action;06-0234(JDB)

PLAINTIFFS MOTION IN OPPOSITION TO DEFENDANTS
MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT

      The Plaintiff, pursuant to Civil Rule 12(b) moves to have this Court dismiss the Defendants motion to dismiss or for summary judgement, and to allow the Plaintiffs complaint to proceed to trial. The Plaintiff alleges facts that are not wholly incredible or inconcievable and is able to produce reliable evidence to support the claims presented and the relief sought;See: Conley v. Gibson 355 U.S. 41;78 S.ct. Also Gainey v. Brotherhood of R and SS clerks ect. 177 F.supp 421; 275 F.2d. 342(3rd cir.). In support of the Plaintiffs motion he submitts and attached memorandum of points and authorities and affidavit along with exhibits. The Defendant it seems has failed in his motion and memorandum to present his arguments in the most favorable light.

RECEIVED
JUL 27 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

The Plaintiff asserts that once given a fair inference this Court will see that not only should the Defendants motion be denied, but that there is a substantial likelihood that the Plaintiff will prevail at trial on the merits of his complaint.

Wherefore the Plaintiff request that this Court deny the Defendants motion to dismiss or for summary judgement and allow this matter to be brought before a jury.

Respectfully Submitted

*[signature]*

Mr. Quentin A. Yates
Fed#11346-007
F.C.I. Cumberland
P.O.Box 1000
Cumberland, M.D. 21501

JUly 24, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above was mailed by U.S. mail first class postage per-paid to Ms. Diane M. Sullivan, Asst. States Attorney 555 Fourth Street N.W. Civil Division Washington, D.C. 20530. On this 24th day of July 2006.

*[signature]*
Mr. Quenitin A. Yates

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


Quentin A. Yates
    Plaintiff

  V.

United States Parole
Commission
    Defendant

Civil Action;06-0234(JDB)


<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORTOF
PLAINTIFFS MOTION IN OPPOSITION TO THE DEFENDANTS MOTION
TO DISMISS OR FOR SUMMARY JUDGEMENT</u>


        Now Comes the Plaintiff, Mr.Quentin A. Yates asking the Courts indulgences to clearify some facts that the Defendant has incorrectly represented to the Court. The Defendants have stated in it's motion for an enlargement of time page 2(exhibit A) that the Plaintiff was eligible for parole in 2006. It has now been told to the Plaintiff through his case manager that a mistake was made and that the Plaintiff would not see the United States Parole Commission(hereafter USPC) until 2007. No reasoning has been given for this action. While the USPC has acknowledge that the Plaintiff would be eligible for parole in 2006; See; letter from Ms.Hill to Plaintiffs mother (exhibit B). Also on the notice of hearing Parole application which states that a hearing would be held in june 2006(exhibit C). The Defendant asserts that the Plaintiff is only alleging that the USPC will apply it's parole guidelines for DC code offenders rather than the D.C. Parole Board Guidelines

(hereafter DCPB) that were in effect at the time the Plaintiffs allege offense was committed. The Defendant it seems fail to recall Ms.Matheny writting the Plaintiff and stating that the current Parole guidelines would be used (exhibit D).

The Plaintiff will submitt copies of both the 28 D.C.M.R. Parole guidelines (exhibit E) and the USPC guidelines (exhibit F) and after review the Court will come to the same conclusion, that the Plaintiff will be incarcerated longer under the USPC guidelines than under the DCPB parole guidelines thus violating the Ex post facto clause of the United States Constitution. The application of these more harsher guidelines violate the grandfather clause and increase the amount of time the Plaintiff will spend incarcerated beyond the minimum term that was set by the Superior Court Judge and DC statute.

ARGUMENT

I. The Plaintiff has established all the essential elements of his case not only to survive the Defendants motion for summary judgement,but also to prevail at trial unlike Celotex Corp v. Catrett(477 US.317 1986). Nore does the Plaintiff fail to establish the elements of his case for which he bears the burden of proof. Not only does the Plaintiff deny the Defendants pleadings but will submit documentation to support his position and refute the Defendants; See;(Matsushita 475 US. 586. The evidence presented in support of the Plaintiffs claims is so significant that a reasonable fact-finder would return a verdict in the Plaintiffs favor See;Anderson 477 US. at 249.

II. The legal sufficiency of the plaintiffs complaint

2

While the Court must take the allegations of the Plaintiffs complaint as true See;<u>Conley v. Gibson</u> 355 US.41(1957). Although when the complaint is supported by strong evidence not mere legal conclusion than the Court should lean more in accepting the Plaintiffs pleadings. Also when the inferences made are supported not only by the facts set out in the complaint but documentative evidence. The Plaintiffs supportive evidence comes from decisions of the USPC thier official actions and official documents and these are essential to the Plaintiffs claims See;<u>Arizmendi v. Lawson</u> 914 F.supp 1157(E.D PA.1996)

### III. <u>Plaintiffs injury and claim for redress</u>

Contrary to the Defendants beliefs the Plaintiff has shown an injury and the redress that once the Court rules will result in a favorable decision for the Plaintiff. Also That injunctive relief can be justified to prevent the adverse effect of the Defendants behavior.See;<u>LOs Angeles v. Lyons</u> 461 US. 95,102(1983) and unlike <u>Mosley v. Vargas</u>(9th cir 2006) where the mere benifit of an allege sports drink was speculative at best. Here the Plaintiff shows an injury and the effects of the resulting injury and if the injunctive relief is not given then the Plaintiff will suffer an irreparable harm in the form of a loger incarceration.The Plaintiff can show that his claim and the injury applies to his sentence and will result in a increase in the incarceration period before release. As stated in <u>Garner</u> 529 US. at 251,120S.ct 1362, that parole guidelines applied retroactively that create a significant risk of longer incarceration, does in fact violate the Ex post facto clause in the Constitution.

Under the DCPB guidelines(see exhibit E) the Plaintiff would recieve a score of (6)six on the salient factor score. The breakdown of the salient factor score is as followed; The Plaintiff recieves (1)one point for having (2)two prior convictions. He recieves (1)one point for having one

3

prior committment longer than 30 days; he recieves (1)one point for (3)three year commitment free period; he recieves (1)one point for not being on probation, parole, confinement or escape at time of offense and he recieves (1)one point for no history of heroin dependencey. While the salient factor portion of both the DCPB guidelines and the USPC guidelines on there face look identical there is one glaring disparity. Where the DCPB guidelines take into consideration heroin dependence, the USPC guidelines does not which deprives the Plaintiff of the (1)one point benifit. The salient factor score is in turn converted into a base point score, which is suppose to determine the allege risk of suceeding on parole.

    The Plaintiff would be placed in the fair risk group(which is the second best group to suceed on parole) as such he is given a base point score of (2)two. There are other subsequent catagories which add or subtract points from the base point score, one catagory is type of risk which in the Plaintiffs case would add (1)one point for violence making him a three. Another catagory is program achievement in which (1)one point may be deducted from the base point score making him a (2)two. The DCPB guidelines state that if the base point score is a (2)two than parole shall be granted at the initial hearing. Under the USPC guidelines the Plaintiffs salient factor score would be a (6)six which would place him in the very good risk group(which is also the second best) Tghis group is assigned (1)one point on the base point score, subsequent catagories like current or prior violence would add (2)two points(whereas under the DCPB only one point is added) and another catagory high level violence would add an additional (1)one point making the Plaintiffs base point score a (5)five. Under The base point score guideline range the Plaintiff would recieve a 18-24 month rehearing date.

4

At such a rehearing the Plaintiff may be entitled to a (1)one point deduction of his base point score which would make him a (4)four, but this would call for a 12-18 month rehearing date.

So in order for the Plaintiff to fall within the parameter of a base point score which would warrent parole, he would have to serve an additional 30-40 months longer under the USPC guidelines than under the DCPB guidelines. These were the parole guidelines that were in effect at the time the Plaintiff was sentence. The Defendant would also like the Court to believe that the Plaintiff does not know the difference between eligibility for parole and suitability for parole. Under DC. code 24-408(b) a person convicted of a crime of violence as defined by DC. code 22-4501 shall not be parole prior to serving 85% of the minimum sentence imposed; provided that any mandatory minimum sentence shall be served in it's entirety. The Plaintiff has served more than 85% which is mandated by DC. code 24-408; and he has served in it's entirety the mandatory sentence which was (5)five years. The Plaintiff has meet the eligibility requirements and as to suitability, his institutional ajustment programing, release plan and housing presents a person that is ready to be considered for release and that has complied with following all the institutional rules.

The Plaintiff stands to substain a substantial injury if the Defendants are allowed to apply the current USPC guidelines to him instead of the DCPB guidelines that were in effect at the time the Plaintiffs sentence started. As in Fletcher the USPC guidelines failed to take into consideration post-incarceration behavior in weighing entitlement to reparole. In the instant case the USPC has not only eliminated the catagory concerning Heroin dependency but has also doubled the points assigned to current or prior violence, and has added a secondary violence catagory to double the punishment which penalizes the Plaintiff twice for violence in one offense.

5

So by increasing the base point score the USPC therefore increases the length of incarceration. Even though 28 CFR 2.73(B) states that the minimum sentence is enough punishment, but the make-up of the USPC guidelines make parole upon completion of the minimum term almost impossible even with clear conduct unless the USPC decides to depart from the guidelines.

### IV. The Court Does have Jurisdiction over this Complaint

The Plaintiff challenges the unconstitutionality of the parole procedures to be used at the Plaintiffs parole hearing. As in Dotson 125 S.ct 1242 (2005) The Plaintiff is not asking for his release but a hearing under the pre-1998 guidelines. The Plaintiff only seeks a parole hearing in accordance with the statutory law and administrative rules that were in place when his offense was committed. It should be noted that the Plaintiff does not know if he would be given parole under the DCPB guidelines, the Plaintiff is only asking for the opportunity to have a parole hearing under those guidelines. The Plaintiff is a District of Columbia Code offender and as such he is being contracted out and has the right to file in the district he is being housed or to file in the District of Columbia, who has ultimate authority over the Plaintiff. Thus giving the Court not only jurisdiction but the authority to enter an order for injunctive relief under 18 USC § 3626.

### V. The Plaintiff is entitled to the Preliminary Relief sought

The Plaintiff has shown that there is a discrepancy between the USPC guidelines and the DCPB guidelines with the elimination of the Heroin dependency catagory, but also with the increase points for violence and double counting with a second violence catagory.

6

While in accordance with DC. code 24-408(b) the Plaintiff will become eligible for parole after serving 10years and 2months and 17 days which would be March 17,2006. His mandatory minimum sentence has been completed since 2001 which was (5)five years. The Defendant states it was a mistake on their part to have scheduled a hearing date for June 2006, and now have stated that a hearing would be held in August of 2007. This date would be 95% of the Plaintiffs minimum sentence. The elimination of the Heroin dependancy catagory is a pre-incarceration factor which alone shows that while the DCPB guidelines were geared toward rehabilitation the USPC's guidelines are strictly punitive in design.

## CONCLUSION

Wherefore given the foregoing facts and reasons stated herein the Plaintiff request that the Defendants motion for dismissal or summary judgement be deied and that the Pklaintiffs complaint be allowed to proceed to trial.

RESPECTFULLY SUBMITTED

Mr.Quentin A.Yates
Fed#11346-007
FCI Cumberland
P.O. Box 1000
Cumberland MD 21501
Date; July 24,2006

7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Quentin A. Yates
    Plaintiff

V.

United States Parole
Commission
    Defendant

Civil Action:06-0234(JDB)

### AFFIDAVIT IN SUPPORT OF PLAINTIFFS MOTION IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS OR FOR SUMMARY JUDGEMENT.

    Now Comes, Plaintiff Mr. Quentin A. Yates in pro-se and makes this declaration in support of his motion in opposition on the following grounds;

    1. Affiant Quentin A. Yates declares that he is the person within the caption at the top of the page.

    2. Affiant declares, that he is over twenty-one (21) years of age, and that he is of sound mind and able to testify to any and all events as declared within the instant affidavit in support of his motion.

    3. Affiant declares, the alleged offense was committed in Jan. 1996 and that he was sentence to a term of 12-36 years.

    4. Affiant declares, that at the time he was sentence the DCPB had authority in granting parole to DC code offenders and the guidelines used were the 28DCMR.

1

5. Affiant declares, that under D.C. code 24-408(b) he has served 85% percent of his 12 year minimum term and has served in it's entirety his mandatory minimum term of (5) five years.

6. Affiant declares, that under the USPC guidelines that he will be incarcerated longer than if his parole hearing were held under the DCPB guidelines that were in effect at the time his offense occured.

7. Affiant declares, that the USPC guidelines have eliminated the Heroin dependency catagory and have doubled the point assigned to current or prior violence and also has added another violence catagory which punish the plaintiff a second time for violence in one offense.

8. Affiant declares, that the USPC guidelines shopld not be able to be applied retroactively given there punitive nature and that they create a significant risk of longer incarceration. This violates the Ex post facto clause of the United States Constitution. As such the Plaintiff should be given a parole hearing under the DCPB guidelines, to prevent the irreparable harm that will be suffered if given a parole hearing under the USPC's guidelines.

9. Affiant declares, that while the DCPB guidelines were rehabilitative in nature and design, the USPC guidelines are punitive in nature. That once the Plaintiff even finishes the minimum term imposed, the USPC will then take on judical powers usurping the sentencing Courts authority and imposes what it believes is an adequate sentence and what should be served before being release on parole.

10. Affiant declares, that in the Reviatalization Act the USPC stated that it agreed with the sentencing Court that the minimum term imposed if followed be good institutional behavior is sufficient punishment.

2

While they agreed with this the USPC's guidelines insure that parole at the initial hearing is almost non-existent.

11. Affiant declares, that if seen under the USPC guidelines he will not have a base point score that falls within the acceptable parameter to warrent release on parole unitl between 2010-2011, which accounts for the set-offs recieved.

12. Affiant declares, that these declarations are made on information and belief unless otherwise indicated. In addition these matters are grounded on oath of perjury pursuant to 28 USC § 1746.


Wherefore based on the foregoing facts and reasons stated in the above paragraphs 1 through 12 that are true and correct to the best of the Affiants knowledge, recollection and beliefs. The Affiant ask this Court to allow this matter to proceed to trial so that the Affiant can obtain the relief sought.

Respectfully Submitted,
Mr. Quentin A. Yates