## EXHIBIT  PAGE

1. Defendants motion for enlargement of time.

2. Letter from Ms. Hill to Plaintiffs mother.

3. Hearing Parole Application.

4. DCPB's parole guidelines.

5. USPC's Parole guidelines.

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

---

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*

*Telephone: (301) 492-5990*
*Facsimile: (301) 492-5307*

March 23, 2006

Ms. Alice W. Yates
3021 Sunset Lane
Suitland, MD 20746

RE:    Yates, Quentin A.
       Fed. Reg. No. 11346-007

Dear Ms. Yates:

This is in response to your correspondence dated January 23, 2006, on behalf of your son, Quentin Yates. I apologize for the tardiness of this response.

Mr. Yates is eligible for an Initial Parole Hearing on or about June 2006. To ensure that he is placed on a docket he should contact his case manager and request that he be considered for placement on the next available docket. At this time he can discuss any issues he may have which includes his release plans and living arrangements.

I trust the information provided will be of assistance to you.

Sincerely,

Dawn Boozé-Hill
Case Services Technician

DBH

| U.S. Department of Justice | Notice of Hearing-Parole Application |
|---|---|
| United States Parole Commission | Representative and Disclosure Request |

Name: __YATES, Quenton A.__                          Date: __03-31-2006__

Register No.: __11346-007__                    Institution: __FCI Cumberland, Maryland__

Instructions: This form is to be furnished to and completed by every inmate prior to every scheduled hearing before the Parole Commission. It must be furnished at least 60 days in advance of the scheduled hearings unless such 60-day notice is waived by the inmate (see No. 1 below).

1.   Notice of Hearing:  Provided you have applied for parole in the space below, you will be given a hearing by officials of the U.S. Parole Commission on the docket of parole hearings scheduled for __June 13th__ to __June 16th__, 2006.

**If there are less than 60 days between the date of this notice and your hearing, your hearing will be postponed until the next docket of parole hearings at your institution *unless* you initial the following waiver:**

_____ I received this form less than 60 days from the date of my hearing. However, I hereby
(Initials)  waive my right to 60 days advance notice of the hearing time and notice of my disclosure rights, and I request to be heard as scheduled.

2.   Application:  I hereby apply for parole, or have previously applied and still wish to be paroled:

Signature: _~~signature~~_

Date: __3-30-06__

3.   **Waiver of Parole/Parole Hearing:**

_____ A.   I wish to waive parole consideration at this time.
(Initials)

_____ B.   I wish to waive my scheduled Statutory Interim Hearing and have not incurred any
(Initials)  Institutional Disciplinary Committee infractions since my last hearing.

_____ C.   I wish to waive the parole effective date or presumptive parole date
(Initials)  previously determined by the Commission.

(Note: A previously waived parole date will be reinstated upon reapplication, provided no new adverse information exists in your case.)

_____ D.   I wish to waive mandatory parole.
(Initials)

Note:   1.   If you waive parole or a parole hearing, any subsequent application or reapplication must be submitted at least 60 days prior to the first day of the month in which hearings are conducted at the institution where you are then confined.

2.   Revocation hearings cannot be waived.  Hearings under 28 C.F.R. 2.28 (b-f) and rescission hearings can only be waived by waiver of the parole effective date or presumptive parole date previously determined by the Commission.

4.   Representative:  At your hearing you may have a representative of your choice (*e.g., family member, friend, staff member, or attorney*), who will be permitted to make a statement on your behalf at the close of the hearing.  The name of your representative willing and able to appear should be written in below.  Arrangements for the appearance of a representative must be made through your case manager.

Name of Representative:

__Mr. Lomis Taylor__

**If you do not wish a representative, initial the following waiver:**

_____ I do not wish a representative at my hearing.
(Initials)

5.   **Disclosure of File Information:**  You may review the reports and documents in your file which will be considered by the Commission, if you submit a request for disclosure on this form at least 30 days in advance of your hearing.. (Note:  Certain material which the Commission will consider may be exempt by law from disclosure.  In such event, a summary of the material withheld from you will be furnished if you request to review your file.)

_QY_    I wish to inspect the disclosable material in my institutional file.
_(Initials)_

_QY_    I wish to inspect any  documents  concerning  me which the Parole Commission may
_(Initials)_    have.  I understand  that  in most cases, the Commission will have no material, until after an initial hearing
         has been held.  (If you request disclosure of Commission documents, you must do so on this form at least 30
         days in advance of the hearing.)

**Note:**    At review hearings, the Commission will consider only information about factors which have changed, or which may have changed, since your last parole hearing.

**If you do not wish to request any disclosure, initial the following waiver:**

_____    I do not wish to inspect my files before the hearing scheduled on this form.
_(Initials)_

**If you have inspected file material, initial below:**

_____    I have reviewed the materials in my institutional file on
_(Initials)_

_____, 20_____

_____    I have reviewed the Parole Commission file material on
_(Initials)_

_____, 20_____

**If you have not yet received disclosure of the file materials you requested or if there are less than 30 days between either of the above dates and your hearing, your hearing will be postponed until the next docket of parole hearings at your institution unless you initial the following waiver:**

_QY_    I did not receive 30 days prehearing disclosure of the material I requested from my files.
_(Initials)_    However, I hereby waive my right to disclosure 30 days in advance of the hearing, and I request to be heard
         as scheduled.

DISTRIC   COLUMBIA MUNICIPAL REGULAT

# TITLE 28

## CORRECTIONS, COURTS, AND CRIMINAL JUSTICE

28 DCMR § 100 et seq.

Certified and Published

by the

D.C. OFFICE OF DOCUMENTS

MAY 1987

Copyright © 1987

Office of Documents
Room 523 - District Bldg.
Washington, D.C. 20004

APPENDIX C

A-67

200    ELIGIBILITY FOR PAROLE AND INITIAL HEARING

200.1    In accordance with D.C. Code, §24-204 the Board shall be authorized to release a prisoner on parole in its discretion after he or she has served the minimum term or terms of the sentence imposed on after he or she has served one-third (1/3) of the term or terms for which he or she was sentenced, as the case may be, if the following criteria are met:

(a) The prisoner has observed substantially the rules of the institution;

(b) There is reasonable probability that the prisoner will live and remain at liberty without violating the law; and

(c) In the opinion of the Board, the release is not incompatible with the welfare of society.

200.2    The Board, upon receipt of classification and evaluation material (which is to be received sixty (60) days after commitment), shall conduct an initial hearing for prisoners for whom the Board is required to establish parole eligibility.

200.3    At the initial hearing under §200.2, the Board shall establish a parole eligibility date and may do the following:

(a) Grant parole, on or after the established date;

(b) Deny parole; or

(c) Continue the case to the established eligibility date.

200.4    Ordinarily, the Board shall not establish a parole eligibility date that would exceed one-third (1/3) of the maximum sentence imposed.

2-1

204.1    As its criteria for determining whether an incarcerated individual shall be paroled or reparoled, the Board (shall) use the criteria set forth in this section and Appendices 2-1 and 2-2 to this chapter. These criteria consist of pre and post-incarceration factors which enable the Board to exercise its discretion when, and only when, release is not incompatible with the safety of the community. Any parole release decision falling outside the numerically determined guideline (shall) be explained by reference to the specific aggravating or mitigating factors as stated in Appendices 2-1 and 2-2.

204.2    The Board (shall) assign each candidate for parole a salient factor score (SFS) which (shall) be one of the factors used in calculating parole eligibility pursuant to the provisions of this section.

204.3    The Board (shall) utilize the SFS as an actuarial parole prognosis aid to assess the degree of risk posed by a parolee.

204.4    For the purposes of calculating the SFS, the Board (shall) assign a numerical value to each of the following categories:

(a)    Prior convictions and adjudications;

(b)    Prior commitments of more than thirty (30) days;

(c)    Age at commission of current offense;

(d)    Recent commitment-free period;

(e)    Status of prisoner at time current offense; and

(f)    History of heroin or opiate dependence.

204.5    In assigning a SFS numerical value for the factor of prior convictions and adjudications pursuant to §204.4(a), the Board (shall) count the following:

(a)    All convictions and adjudications for criminal offenses (except as excluded by §204.6), other than the current offense;

(b)    Convictions for offenses committed while on bail or probation for the current offense;

(c)    Juvenile delinquency adjudications except the following:

(1)    Status offenses (e.g., runaway, truancy, habitual disobedience); and

204.5    (Continued)

        (2)  Criminal offenses committed at age fifteen (15) or younger unless it resulted in a commitment of more than thirty (30) days or involved violence (as defined in §23-1331(a), D.C. Code (1981 ed.)), use of weapons (as defined by §22-3202(a), D.C. Code (1981 ed.)), or drug trafficking.

    (d)  Military convictions for acts that are generally prohibited by civilian criminal law;

    (e)  Criminal conduct resulting in a judicial determination of guilt or an admission of guilt before a judicial body, even if no formal conviction results;

    (f)  Convictions and adjudications even though later set aside for civil purposes;

    (g)  Foreign convictions and adjudications for conduct that is criminal in the United States; and

    (h)  Forfeitures of collateral if the offense would otherwise be counted.

204.6    In assigning a SFS numerical value for the factor of prior convictions and adjudications, the Board shall not count the following:

    (a)  Convictions and adjudications for misdemeanors for which the maximum punishment is not more than ninety (90) days in prison;

    (b)  Convictions and adjudications reversed or vacated unless the prisoner has been retried and reconvicted; and

    (c)  Convictions and adjudications occurring prior to a conviction and adjudication-free period of ten (10) years in the community immediately prior to the commission of the current offense.

204.7    In assigning a SFS numerical value for the factor of prior commitments of more than thirty (30) days pursuant to §204.4(b), the Board shall count the following:

    (a)  All prior commitments actually imposed of more than thirty (30) days resulting from convictions and adjudications counted pursuant to §204.5; and

204.7    (Continued)

      (b)   Prior commitments of more than thirty (30) days imposed
           upon revocation of probation or parole where the probation
           or parole resulted from a conviction or adjudication
           counted pursuant to §204.5.

204.8    Concurrent or consecutive sentences, whether imposed at the same
time or at different times, that result in a continuous period
of confinement shall be counted as a single commitment.

204.9    Commitments of more than thirty (30) days imposed for an escape,
an attempted escape, or for criminal conduct committed while in
confinement or escape status shall be counted as a separate
commitment.

204.10   A commitment under §204.4(b) means confinement in a jail,
prison, juvenile institution, or residential or community
treatment center.

204.11   A prior commitment for more than thirty (30) days shall be
counted under §204.7(a) despite avoidance of actual confinement
through escape or bail pending appeal.

204.12   In assigning a SFS numerical value for the factor of age at
commission of the current offense pursuant to §204.4(c), the
Board shall in the case of a parole or probation violator, use
the age at the commencement of the conduct constituting the
parole or probation violation.

204.13   In assigning a SFS numerical value for the factor of recent
commitment-free period pursuant to §204.4(d), the Board shall
regard a prisoner's commitment as terminated when he or she is
released from confinement status regardless of where confinement
occurs.

204.14   In assigning a SFS numerical value for the factor of status of
the prisoner at the time of commission of the current offense
pursuant to §204.4(e), the Board shall not consider a prisoner
to have been on parole or probation if at the time of the
commission of the current offense that parole or probation was
unsupervised.

204.15   In assigning a SFS numerical value to the factor of history of
heroin or opiate dependence under §204.4(f), the Board shall not
consider the prisoner to have had a history of dependence if the
prisoner had no dependence for the ten (10) year period
preceding the commission of the current offense, not counting
any time spent in confinement.

2-5

204.16    For the purposes of this chapter, hero.  opiate dependence refers to physical or psychological dependence, or regular or habitual usage.

204.17    The Board (shall) use the parole candidate's SFS to determine which risk category applies to the candidate, as follows:

(a)  10-9 = low risk

(b)  8-6 = fair risk

(c)  5-4 = moderate risk

(d)  3-0 = high risk

204.18    After determining which risk category applies to a parole candidate, the Board (shall) consider the following pre and post incarceration factors to determine whether a candidate should be granted parole:

(a)  Whether the current offense involved a felony in which the parole candidate caused, attempted to cause, or threatened to cause death or serious bodily injury to another individual;

(b)  Whether the parole candidate has two (2) or more previous convictions for a felony of the nature described in §204.18(a);

(c)  Whether the parole candidate has ever been convicted of a crime of violence (as defined in §23-1331(4), D.C. Code (1981 ed.)) while under the influence of PCP (other than current offense);

(d)  Whether the current offense involved a felony in which the parole candidate used a dangerous weapon (as defined by §22-3202(a), D.C. Code (1981 ed.));

(e)  Whether the parole candidate has two (2) or more previous convictions for a felony of the nature described in §204.18(d);

(f)  Whether the current offense involved a felony conviction under the D.C. Uniform Controlled Substances Act for distribution or intent to distribute illicit substances;

(g)  Whether the parole candidate has two (2) or more previous convictions under the D.C. Uniform Controlled Substances Act;

2-6

(h)  Whether the parole candidate has committed serious
     disciplinary infractions (adjudicated under the Department
     of Corrections' due process procedures) while under
     confinement for the current offense; and

(i)  Whether the parole candidate has demonstrated sustained
     achievement in the area of prison programs, industries, or
     work assignments while under confinement for the current
     offense.

204.19   After determining an adult parole candidate's SFS score and
         after applying the pre and post incarceration factors to arrive
         at a total point score pursuant to §204 and Appendix 2-1, the
         Board shall take one (1) of the following actions:

(a)  IF POINTS = 0:        Parole shall be granted at initial
                           hearing with low level of
                           supervision required;

(b)  IF POINTS = 1:        Parole shall be granted at initial
                           hearing with high level of
                           supervision required;

(c)  IF POINTS = 2:        Parole shall be granted at initial
                           hearing with highest level of
                           supervision required; or

(d)  IF POINTS = 3-5       Parole shall be denied at initial
                           hearing and rehearing scheduled.

204.20   After determining a youth offender parole candidate's SFS score
         and after applying the pre and post incarceration factors to
         arrive at a total point score pursuant to §204 and Appendix 2-1,
         the Board shall take one (1) of the following actions:

(a)  IF POINTS = 0:        Parole shall be granted at initial
                           hearing with conditions established to
                           address treatment needs; or

(b)  IF POINTS = 1-5:      Parole shall be denied at initial
                           hearing and a rehearing scheduled based
                           on estimated time to achieve program
                           objectives established by the
                           classification team and the Board of
                           Parole.

2-7

204.21    In det...   ...ing whether to release on ...  ...le an adult or a youth
          offender appearing before the Board at a parole rehearing, the
          Board (shall) take the total point score from the initial hearing
          and adjust that score according to the institutional record of
          the candidate since the last hearing pursuant to Appendix 2-2.
          The Board (shall) then take one of the following actions:

          (a)   IF POINTS = 0-3:          Parole (shall) be granted at this
                                          rehearing with highest level or
                                          supervision required; or

          (b)   IF POINTS - 4-5:          Parole (shall) be denied and a
                                          rehearing date scheduled.

204.22    The Board may, in unusual circumstances, waive the SFS and the
          pre and post incarceration factors set forth in this chapter to
          grant or deny parole to a parole candidate.  In that case, the
          Board (shall) specify in writing those factors which it used to
          depart from the strict application of the provisions of this
          chapter.

SALIENT FACTOR SCORE

(Used to determine numerical values for parole eligibility criteria pursuant to §204).

Item A:   PRIOR CONVICTIONS/ADJUDICATIONS (ADULT OR JUVENILE)......... ☐

        None ................. = 3
        One .................. = 2
        Two or Three ......... = 1
        Four or more ......... = 0

Item B:   PRIOR COMMITMENT(S) OR MORE THAN THIRTY DAYS............... ☐
        (ADULT OR JUVENILE)

        None ................. = 2
        One or Two ........... = 1
        Three or more ........ = 0

Item C:   AGE AT CURRENT OFFENSE/PRIOR COMMITMENTS.................... ☐

    Age at commencement of current offense
        26 years of age or more ............. = 2
        20-25 years of age .................. = 1
        19 years of age or less ............. = 0

   ***Exception:  If five or more prior commitments of more than
     thirty days (adult or juvenile), place an "X" here _____
     and score this item ................... = 0

Item D:   RECENT COMMITMENT-FREE PERIOD (THREE YEARS), ............. ☐

        No prior commitment of more than thirty days (adult or
        juvenile) or released to the community from last such
        commitment at least three years prior to the commencement
        of the current offense ............. = 1

        Otherwise .......................... = 0

Item E:   PROBATION/PAROLE/CONFINEMENT/ESCAPE STATUS ................ ☐
        VIOLATOR—THIS TIME

        Neither on probation, confinement, or escape status at
        the time of the current offense; nor committed as a
        probation, parole confinement, or escape status violator
        this time .......................... = 1

        Otherwise .......................... = 0

Item F:   HEROIN/OPIATE DEPENDENCE ................................. ☐

          No history of heroin/opiate dependence ....... = 1

          Otherwise ..................................... = 0


TOTAL SCORE ..................................................... ☐


### Pre-Incarceration Factors


A.   Salient Factor Score _____ (From SFS Worksheet)
     Risk Group:

     Low      _____ (10-9)      Moderate   _____ (5-4)
     Fair     _____ (8-6)       High       _____ (3-0)


B.   TYPE OF RISK ASSESSMENT:

     1.   Violence:

|     |                                                                                                                                                | Yes | No |
|-----|------------------------------------------------------------------------------------------------------------------------------------------------|-----|-----|
| a.  | Does the current offense involve a felony in which the defendant caused, attempted to cause or threatened to cause death or serious bodily injury to another individual? | ___ | ___ |
| b.  | Does the offender have two or more previous convictions for a felony described in (1.a)? | ___ | ___ |

     2.   Weapons:

|     |                                                                                                          | Yes | No |
|-----|----------------------------------------------------------------------------------------------------------|-----|-----|
| a.  | Does the current offense involve a felony in which the defendant used a dangerous weapon? | ___ | ___ |
| b.  | Does the offender have two or more previous convictions for a felony described in (2.a)? | ___ | ___ |

     3.   Drug Trafficking:

|     |                                                                                                                                                   | Yes | No |
|-----|---------------------------------------------------------------------------------------------------------------------------------------------------|-----|-----|
| a.  | Does the current offense involve a felony conviction under the D.C. Uniform Controlled Substances Act for distribution, or intent to distribute, illicit substances? | ___ | ___ |

Drug Trafficking:   (Continued)

        b.    Does the offender have two or more previous
              convictions for significantly similar offenses
              as those described in (3.a) (i.e., convictions
              under this statute or a similar one in another
              jurisdiction)?                 ___    |___

## Post-Incarceration Factors

A.    INSTITUTIONAL ADJUSTMENT:

    Has this offender committed serious disciplinary
    infractions (adjudicated under Department of Corrections
    due process procedures)?              ___    |___

B.    INSTITUTIONAL PROGRAM PARTICIPATION:

    Has this offender demonstrated sustained achievement in
    the area of prison programs, industries, or work
    assignments during this period of incarceration?    ___    |___

### POINT ASSIGNMENT GRID
### ADULT OFFENDERS

Instructions:

1.    Circle the appropriate Salient Factor Score category.

2.    Circle any aggravating or mitigating factors for which a finding has
    been made.

3.    Within each applicable cell, circle the number of points to be added
    or subtracted from the baseline point assignment determined by the
    Salient Factor Score Category.

POINT ASSIGN  GRID ADULT OFFENDERS  (Cont'  d

|  | | DEGREE OF RISK Salient Factor Score Category | | | |
|---|---|---|---|---|---|
|  | | Low | Fair | Moderate | High |
|  | | +0 | +1 | +2 | +3 |
| TYPE OF RISK | | | | | |
| a. | Violence | +1 | +1 | +1 | +1 |
| b. | Weapons | | | | |
| c. | Drug Trafficking | | | | |
| 2. | Negative Institutional Behavior | +1 | +1 | +1 | +1 |
| 3. | Program Achievement | -1* | -1 | -1 | -1 |

* Applicable only where points have been added for aggravating factor.

TOTAL POINTS: _____

IF POINTS = 0:    Parole shall be granted at initial hearing with low
                 level of supervision required.

IF POINTS = 1:    Parole shall be granted at initial hearing with high
                 level of supervision required.

IF POINTS = 2:    Parole shall be granted at initial hearing with
                 highest level of supervision required.

IF POINTS = 3-5:  Parole shall be denied at initial hearing and
                 rehearing scheduled.

DECISION WORKSHEET:  INITIAL HEARINGS

(1)  Minimum Term: _____         (2)  Maximum Term: _____
(3)  Months in custody at Date of Hearing: _____
(4)  Decision:  / /  Parole                Date _____
                / /  Rehearing             Date _____
(5)  Decision is Within _____ Below _____ Above _____ Guidelines

Reasons (if outside of the Guidelines):

WORSE RISK:

  ...Repeated failure under parole supervision;
  ...Current offense involves on-going criminal behavior;
  ...Lengthy history of criminally related alcohol abuse;

WORSE RISK:  (Continued)


...History of repetitive sophisticated criminal behavior;
...Unusually extensive and serious prior record (at least five felony convictions);
...Unusual cruelty to victims.
Specifically: _____

BETTER RISK:  NOTE:      Applicable only to offenders not classified as
                         low risks by the Salient Factor Score.

...record resulting exclusively from trivial offenses;
...substantial crime-free period for which credit not already given on the Salient Factor Score.
Specifically: _____

OTHER PRE-INCARCERATION FACTORS:

...This YCA offender would have been exposed to a maximum sentence of ____ months had he/she been sentenced as an adult;
...Substantial cooperation with the government that has not been otherwise rewarded;
...Substantial period in custody on other sentence(s) or additional committed sentences.  (NOTE: This circumstance can also be used as an "other change in circumstances" below if a new committed sentence is imposed after incarceration on the current offense).
...Other _____

Specifically: _____

POST-INCARCERATION FACTORS:

...Exceptional achievement in educational or vocational programs during period of incarceration;
...Change in the availability of community resources leading to better parole prognosis;
...Poor medical prognosis;
...Other change in circumstances _____

Specifically: _____

2-35



GOVERNMENT OF THE DISTRICT OF COLUMBIA
### B O A R D   O F   P A R O L E
717·14TH STREET, N.W., SUITE 300
WASHINGTON, D.C. 20005

---

### POLICY GUIDELINE

**SUBJECT:** Definitions of Terms Used in Parole Guidelines

I.   **AUTHORITY:** DCMR Title 28, Section 204 and Appendices 2-1 and 2-2, May 1987

II.  **PURPOSE:** To define criteria and parameters for determining the applicability of descriptive terminology used in the Parole Guidelines for release decisionmaking, and to facilitate consistency in Guideline application.

III. **APPLICABILITY:** All cases requiring Board action in which the Parole Guidelines are applied.

IV.  **REFERENCES:** D.C. Department of Corrections Rules published at 28 DCMR Sections 502 and 503, May 1987 (copy attached); Board of Parole Policy Guideline regarding the establishment of dates for parole reconsideration, adopted on December 16, 1991.

V.   **RATIONALE:**

Many of the descriptive terms used in the Parole Guidelines criteria are judgmental and subjective. As such, they lend themselves to disparate interpretations and applications by Guideline users. To ensure equitable treatment of similarly-situated offenders, these terms require definitions that facilitate equitable application across affected cases, while preserving sufficient discretion to accommodate individual circumstances.

VI.  **POLICY:**

The following definitions shall apply to Parole Guidelines terminology in the release decisionmaking process; however, the weight accorded to any applicable countervailing factor shall be at the discretion of the Board.

2

**A.  POST-INCARCERATION FACTORS:**

1.  **Negative Institutional Behavior** consists of serious or repeated major disciplinary infractions as described below that are sanctioned under Department of Corrections due process procedures.

    **a.** In INITIAL PAROLE CONSIDERATION cases, the following disciplinary infractions shall ordinarily be considered as negative institutional behavior:

        **(1)** One Class I Offense for murder, manslaughter, kidnapping, armed robbery or first degree burglary at any time during the minimum sentence (see DCMR 28-502.3, May 1987); <u>OR</u>

        **(2)** One Class I Offense as defined at DCMR 28-502.4 through 502.17 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; <u>OR</u>

        **(3)** Two Class II Offenses as defined at DCMR 28-503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer.

    **b.** In PAROLE RECONSIDERATION cases, the following disciplinary infractions occurring <u>since the preceding release consideration on the sentence</u> shall ordinarily be considered as negative institutional behavior:

        **(1)** One Class I Offense (see DCMR 28-502.3 through 502.17, May 1987); <u>OR</u>

        **(2)** Two Class II Offenses (see DCMR 28-503.2 through 503.12, May 1987).

    **c.** In RESCISSION CONSIDERATION cases, the following disciplinary infraction shall ordinarily considered as negative institutional behavior:

        **(1)** Removal from Work Release for one or more rule violations without subsequent reinstatement, EXCEPT WHERE REMOVAL WAS AT THE EXPRESS REQUEST OF THE OFFENDER; <u>AND</u>

        **(2)** No point for negative institutional behavior was assessed in the most recent Parole Guideline computation.

3

2.  Sustained Program or Work Assignment Achievement consists of completion of a program or work assignment as described below that shall ordinarily be documented by a certificate, a diploma, a report from an institutional teacher, counselor or work supervisor, OR other documentary evidence.

a.  In INITIAL PAROLE CONSIDERATION cases, the following accomplishments shall ordinarily be considered as sustained program or work assignment achievement during the period of incarceration:

(1)    Successful completion of one or two educational or vocational programs, or program levels, each of which enabled the offender to develop an academic or job-related skill, OR enabled the offender to progress to a higher level of difficulty or skill in the program area; OR

(2)    Award of a GED where the offender possessed the prerequisite skills for participation in the GED program at the time of incarceration on the sentence; OR

(3)    Successful completion of the requirements and award of an Associate's or Bachelor's degree; OR

(4)    Successful completion of one or more short-term special needs programs, such as drug treatment or psychological counseling, to address the offender's identified problems;

NOTE:  Completion of the 2-day DAAP program alone does NOT qualify as sustained program achievement.

OR

(5)  Satisfactory participation in one or more work details for at least one-third of the period of incarceration.

b.  In PAROLE RECONSIDERATION cases, the accomplishments set forth in Section VI-A-2(a) of this policy shall ordinarily be considered as sustained program or work assignment achievement where completion occurred since the preceding consideration for release on the sentence.

4

B.    FACTORS COUNTERVAILING A RECOMMENDATION TO DENY PAROLE:

1.    **Exceptional Program or Work Assignment Achievement** consists of completion of a program or work assignment as described below that shall ordinarily be documented by a certificate, a diploma, a report from an institutional teacher, counselor or work supervisor, OR other documentary evidence.

a.  In INITIAL PAROLE CONSIDERATION cases, the following accomplishments shall ordinarily be considered as exceptional program or work assignment achievement during the period of incarceration on the sentence:

(1)    Successful completion of three or more educational or vocational programs, or program levels, each of which enabled the offender to develop an academic or job-related skill, OR enabled the offender to progress to a higher level of difficulty or skill in the program area; <u>OR</u>

(2)    Award of a GED where more than six (6) months of study were necessary to meet the requirements, <u>i.e.</u>, the offender began academic courses of study without the prerequisite skills for participation in the GED program and successfully completed the coursework necessary to earn a GED while incarcerated; <u>OR</u>

(3)    Award of an Associate's or Bachelor's degree where the offender needed 18 or more credits to fulfill the requirements for the degree; <u>OR</u>

(4)    Participation at a better than satisfactory level in one or more work details as evidenced by three or more promotions or formal increases in levels of responsibility.

b.  In PAROLE RECONSIDERATION cases, the accomplishments set forth in Section VI-B-1(a) of this policy shall ordinarily be considered as exceptional program or work assignment achievement where completion occurred since the preceding consideration for release on the sentence.

2.    **Record of Exclusively Trivial Offenses** consists of misdemeanor offenses, ordinarily <u>excluding</u> offenses involving:

a.  Possession, use, sale, attempted sale, distribution or attempted distribution of narcotics, controlled dangerous substances, or related paraphernalia;

b.  Possession, use, sale or control of dangerous or deadly weapons;

c.  Infliction or attempted infliction of bodily injury or harm; or

d.  Destruction of public or private property.

3.  **Substantial Crime-Free Period** is a period of at least five (5) years prior to commission of the instant offense(s) during which the offender was in the community, was not on escape, active parole or probation, and was not committed for more than thirty (30) days on any offense.

4.  **Substantial Previous Period in Custody on Other Sentence(s) or Additional Committed Sentences** consists of:

a.  A continuous period of at least five (5) years in custody on other sentence(s) immediately preceding the date the sentence for the instant offense(s) began; OR

b.  A continuous period of at least five (5) years to be served on one or more additional sentences to incarceration which are consecutive to the instant sentence.

5.  **Substantial Cooperation with the Government that Has Not Been Otherwise Rewarded** consists of documented special or unusual assistance to the Department of Corrections or another governmental agency during the period of incarceration which made an exceptional contribution to the health, welfare or safety of persons or property.

6.  **Change in Availability of Community Resources Leading to Better Parole Prognosis** may apply when there is an opening or opportunity for an offender to participate in a program, service or other accommodation in the community that will meet the offender's identified need(s) and lead to reduced risk to the community and/or any other person.  For example, a drug-dependent offender is accepted into an in-patient, residential or other highly structured program of drug treatment or rehabilitation.

7.  **Poor Medical Prognosis** may occur when an offender has been diagnosed as terminally ill and/or is sufficiently debilitated that the likelihood of repeated criminal involvement, or risk to the community and/or any other person is minimal.

8.  **Other Change in Circumstances** may occur when the capabilities or characteristics of an offender are altered or modified in ways that minimize the likelihood of repeated

criminal involvement, or risk to the community and/or any other person.

C.   **FACTORS COUNTERVAILING A RECOMMENDATION TO GRANT PAROLE:**

1.   **Repeated Failure Under Parole Supervision** consists of two (2) or more revocations of parole on the current sentence, OR three (3) or more revocations of parole on any sentence within the preceding five years. The term "parole supervision" as used in the Parole Guidelines is inclusive of other forms of conditional release including probation, bail, diversion programs or other community supervision.

2.   **Ongoing Criminal Behavior** consists of:

   a.   Poor community adjustment as evidenced by failure to remain free of criminal activity over sustained periods of time; <u>or</u>

   b.   Acting in a leadership role in an organized, criminal venture, such as an organized drug distribution operation; <u>or</u>

   c.   A criminal record where the current conviction is at least the third (3rd) conviction for substantially similar offenses, OR at least the fourth (4th) conviction for dissimilar offenses.

3.   **Lengthy History of Criminally-Related Alcohol Abuse** consists of at least five (5) convictions, including the current conviction, for criminal activity committed while under the influence of alcohol.

4.   **History of Repetitive Sophisticated Criminal Behavior** consists of three (3) or more convictions, including the current conviction, for:

   a.   Serious crimes involving premeditation or methodical planning; or

   b.   Assaultive or fraudulent criminal behavior.

5.   **Unusually Extensive or Serious Prior Record** consists of at least five (5) felony convictions for commission, or attempted commission, of any one or any combination of the following "crimes of violence ... notwithstanding that the offender lacked the capacity to commit the crime by reason of infancy, insanity, intoxication, or otherwise" (D.C. Code 3-401(3)):

   a.   Arson;

7

b.  Assault, OR maliciously disfiguring another person, OR mayhem, OR manslaughter, OR murder;

c.  Forcible sodomy, OR sodomy of a child less than 16 years of age, OR rape;

d.  Kidnapping;

e.  Riot;

f.  Robbery;

g.  Unlawful use of explosives.

6.  **Instant Offense Involved Unusual Cruelty to Victims** may apply where the offense involved:

a.  Physical, mental or emotional abuse beyond the degree needed to sustain a conviction on the instant offense; OR

b.  Especially vulnerable victims, e.g., children or elderly persons were the victims of assaultive or fraudulent behavior.

7.  **Repeated or Extremely Serious Negative Institutional Behavior** consists of one or more extremely serious disciplinary infractions, or multiple disciplinary infractions as described below that are sanctioned under Department of Corrections due process procedures.

a.  In INITIAL PAROLE CONSIDERATION CASES, the following offenses shall ordinarily be considered as repeated or extremely serious negative institutional behavior:

(1)  One or more Class I Offenses for murder, manslaughter, kidnapping, armed robbery, or first degree burglary at any time during the minimum sentence (see DCMR 28-502.3, May 1987); OR

(2)  Two or more Class I Offenses as defined at DCMR 28-502.4 through 502.17 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

(3)  One Class I Offense plus two Class II Offenses as defined respectively at DCMR 28-502.4 through 502.17, and 503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR



8

(4)   Three or more Class II Offenses as defined at DCMR 28-503.2 through 503.12 (May 1987) during the 12 months preceding the hearing OR during the last half of the minimum sentence up to a period of three years, whichever is longer; OR

(5)   Open charge(s) for new crime(s) committed during this sentence; OR

(6)   New conviction(s) for crime(s) committed during this sentence.

b.   In PAROLE RECONSIDERATION cases, the following offenses occurring since the preceding release consideration on the sentence shall ordinarily be considered as repeated or extremely serious negative institutional behavior:

(1)   One Class I Offense for murder, manslaughter, kidnapping, armed robbery, or first degree burglary (see DCMR 28-502.3, May 1987); OR

(2)   Two or more Class I Offenses as defined at DCMR 28-502.4 through 502.17 (May 1987); OR

(3)   One Class I Offense plus two Class II Offenses as defined respectively at DCMR 28-502.4 through 502.17, and 503.2 through 503.12 (May 1987); OR

(4)   Three or more Class II Offenses as defined at DCMR 28-503.2 through 503.12 (May 1987); OR

(5)   Open charge(s) for new crime(s) committed during this sentence; OR

(6)   New conviction(s) for crime(s) committed during this sentence.

c.   In RESCISSION CONSIDERATION cases, a recommendation to grant parole may be countervailed for repeated or extremely serious negative institutional behavior where a point for negative institutional behavior was assessed in the most recent Parole Guideline computation.

8.   **Lengthy History of Criminally-Related Substance Abuse** consists of at least five (5) convictions, including the current conviction, for criminal activity committed:

a.   While under the influence of illegal substances, or illegal use of controlled substances; OR



9

   b. Involving the illegal sale, distribution, purchase or
   possession of any narcotic drug, controlled dangerous
   substance or related paraphernalia.

9. **Absence of Community Resources Which Ensure Safety of the
   Community** consists of the unavailability of services
   necessary to support an offender's personal or community
   adjustment, and to minimize the risk to the community,
   any other person or the offender, <u>e.g.</u>, the opportunity
   is not currently available to participate in an
   appropriate program to treat the offender's diagnosed
   emotional, mental or physiological disability or
   dependency.

Adopted by the Board of Parole on December 16, 1991.

                                    Erias A. Hyman
                                      Chairman

501    CODE OF OFFENSES:  GENERAL POLICY

501.1    No resident shall engage in any conduct established as an offense by §§501 through 504.

501.2    The following general classes of offenses are established for the purpose of grading the relative seriousness of prison offenses and for determining the appropriate severity of the penalties to be imposed for each offense if an accused is found guilty.

(a) Class I - Serious Offenses (§502)

(b) Class II - Major Offenses (§503)

(c) Class III - Minor Offenses (§504)

501.3    Any resident found guilty of an offense under this chapter shall receive only the punishment authorized under §505 (maximum penalties) and the less severe actions authorized in §§515(a) and (b).

502    CLASS I OFFENSES

502.1    The offenses set forth in this section shall be classified as serious offenses.

502.2    Any of the offenses set forth in this section alleged to have been committed in the institution may be referred for prosecution.

502.3    The following Class I offenses shall be defined by the laws of the applicable jurisdiction:

(a) Murder;

(b) Manslaughter;

(c) Kidnapping;

(d) Armed robbery; and

(e) Burglary - first degree.

502.4    The Class I offense of assault shall be defined as follows:

(a) Willfully causing serious bodily injury to any person;

(b) Shooting, stabbing, or cutting another person, or willfully causing bodily injury to another person with a weapon or by any means; or

(c) Forcibly assaulting, resisting, opposing, impeding, or interfering with any correctional official or other employee of the District.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SALIENT FACTOR SCORE (SFS 98)

**Item A.  PRIOR CONVICTIONS/ADJUDICATIONS** *(ADULT OR JUVENILE)* . . . . . . . . . . . . . . . . . . . . . . ☐

None = 3;  One = 2;  Two or three = 1;  Four or more = 0

**Item B.  PRIOR COMMITMENT(S) OF MORE THAN 30 DAYS** *(ADULT/JUVENILE)* . . . . . . . . . . . . . . ☐

None = 2;  One or two=1;  Three or more = 0

**Item C.  AGE AT CURRENT OFFENSE/PRIOR COMMITMENTS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

| | | |
|---|---|---|
| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| | Five or more commitments | = 1 |
| 22-25 years | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| | Five or more commitments | = 0 |
| 20-21 years | Three or fewer prior commitments | = 1 |
| | Four prior commitments | = 0 |
| 19 years or less | Any number of prior commitments | = 0 |

**Item D.  RECENT COMMITMENT FREE PERIOD** *(THREE YEARS)* . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

No prior commitment of more than 30 days (adult or juvenile) or released to the community from last
such commitment at least 3 years prior to the commencement of the current offense =1; Otherwise = 0

**Item E.  PROBATION/PAROLE/CONFINEMENT/ESCAPE STATUS VIOLATOR THIS TIME** . . . . . . . ☐

Neither on probation, parole, confinement, or escape status at the time of the current offense; nor
committed as a probation, parole, confinement, or escape status violator this time =1; Otherwise = 0

**Item F.  OLDER OFFENDERS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

If the offender was 41 years of age or more at the commencement of the current offense
(and the total score from Items A - E above is 9 or less) = 1;  Otherwise = 0

**TOTAL SCORE** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*\*

**SALIENT FACTOR SCORING MANUAL.  The following instructions serve as a guide in computing the salient factor
score.**

**ITEM A.  PRIOR CONVICTIONS/ADJUDICATIONS (ADULT OR JUVENILE)  [[None = 3; One = 2; Two or three
= 1; Four or more = 0]]**

**A.1** *In General.*

(a) Count all convictions/adjudications (adult or juvenile) for criminal offenses (other than the current offense) that were committed prior to the present period of confinement, except as specifically noted.

(b) Convictions for prior offenses that are not separated from each other by an intervening arrest (*e.g.*, two burglaries followed by an arrest for both offenses) are counted as a single prior conviction. Prior offenses that are separated by an intervening arrest are counted separately (*e.g.*, three convictions for larceny and a conviction for an additional larceny committed after the arrest for the first three larcenies would be counted as two prior convictions, even if all the four offenses were adjudicated together).

(c) Do not count the current federal offense or state/local convictions resulting from the current federal offense (*i.e.*, offenses that are considered in assessing the severity of the current offense). <u>Exception</u>: Where the first and last overt acts of the current offense behavior are separated by an intervening federal conviction (*e.g.*, after conviction for the current federal offense, the offender commits another federal offense while on appeal bond), both offenses are counted in assessing offense severity; the earlier offense is also counted as a prior conviction in the salient factor score.

A.2 *Convictions*

(a) Felony convictions are counted. Non-felony convictions are counted, except as listed under (b) and (c). Convictions for driving while intoxicated/while under the influence/while impaired, or leaving the scene of an accident involving injury or an attended vehicle are counted. For the purpose of scoring Item A of the salient factor score, use the offense of conviction.

(b) Convictions for the following offenses are counted only if the sentence resulting was a commitment of more than thirty days (as defined in item B) or probation of one year or more (as defined in Item E), or if the record indicates that the offense was classified by the jurisdiction as a felony (regardless of sentence):

1. Contempt of court;
2. Disorderly conduct/disorderly person/breach of the peace/ disturbing the peace/uttering loud and abusive language;
3. Driving without a license/ with a revoked or suspended license/with a false license;
4. False information to a police officer;
5. Fish and game violations;
6. Gambling (*e.g.*, betting on dice, sports, cards) [Note: Operation or promotion of or employment in an unlawful gambling business is not included herein];
7. Loitering;
8. Non-support;
9. Prostitution;
10. Resisting arrest/evade and elude;
11. Trespassing;
12. Reckless driving;
13. Hindering/failure to obey a police officer;
14. Leaving the scene of an accident (except as listed under (a)).

(c) Convictions for certain minor offenses are not counted, regardless of sentence. These include:

1. Hitchhiking;
2. Local regulatory violations;
3. Public intoxication/possession of alcohol by a minor/possession of alcohol in an open container;
4. Traffic violations (except as specifically listed);
5. Vagrancy/vagabond and rogue;
6. Civil contempt.

A.3 *Juvenile Conduct.* Count juvenile convictions/adjudications except as follows:

(a) Do not count any status offense (*e.g.*, runaway, truancy, habitual disobedience) unless the behavior included a criminal offense which would otherwise be counted;

(b) Do not count any criminal offense committed at age 15 or less, unless it resulted in a commitment of more than 30 days.

**A.4** *Military Conduct.* Count military convictions by general or special court-martial (not summary court-martial or Article 15 disciplinary proceeding) for acts that are generally prohibited by civilian criminal law (*e.g.*, assault, theft). Do not count convictions for strictly military offenses. <u>Note</u>: This does not preclude consideration of serious or repeated military misconduct as a negative indicant of parole prognosis (*i.e.*, a possible reason for overriding the salient factor score in relation to this item).

**A.5** *Diversion.* Conduct resulting in diversion from the judicial process without a finding of guilt (*e.g.*, deferred prosecution, probation without plea, or a District of Columbia juvenile consent decree) is not to be counted in scoring this item. However, an instance of criminal behavior resulting in a judicial determination of guilt or an admission of guilt before a judicial body shall be counted as a conviction even if a conviction is not formally entered.

**A.6** *Setting Aside of Convictions/Restoration of Civil Rights.* Setting aside or removal of juvenile convictions/adjudications is normally for civil purposes (to remove civil penalties and stigma). Such convictions/adjudications are to be counted for purposes of assessing parole prognosis. This also applies to adult convictions/adjudications which may be set aside by various methods (including pardon). However, convictions/adjudications that were set aside or pardoned on grounds of innocence are not to be counted.

**A.7** *Convictions Reversed or Vacated on Grounds of Constitutional or Procedural Error.* Exclude any conviction reversed or vacated for constitutional or procedural grounds, unless the prisoner has been retried and reconvicted. It is the Commission's presumption that a conviction/adjudication is valid, except under the limited circumstances described in the first note below. If a prisoner challenges such conviction, he/she should be advised to petition for a reversal of such conviction in the court in which he/she was originally tried, and then to provide the Commission with evidence of such reversal.

<u>Note</u>: Occasionally the presentence report documents facts clearly indicating that a conviction was unconstitutional for deprivation of counsel [this occurs only when the conviction was for a felony, or for a lesser offense for which imprisonment was actually imposed; and the record is clear that the defendant (1) was indigent, and (2) was not provided counsel, and (3) did not waive counsel]. In such case, do not count the conviction. Similarly, do not count a conviction if: (1) the offender has petitioned the appropriate court to overturn a felony conviction that occurred prior to 1964, or a misdemeanor/petty offense that occurred prior to 1973 (and the offender claims he served a jail sentence for the non-felony conviction); (2) the offender asserts he was denied his right to counsel in the prior conviction; and (3) the offender provides evidence (*e.g.*, a letter from the court clerk) that the records of the prior conviction are unavailable.

<u>Note</u>: If a conviction found to be invalid is nonetheless supported by persuasive information that the offender committed the criminal act, this information may be considered as a negative indicant of parole prognosis (*i.e.*, a possible reason for overriding the salient factor score).

**A.8** *Ancient Prior Record.* If both of the following conditions are met: (1) the offender's only countable convictions under Item A occurred at least ten years prior to the commencement of the current offense behavior (the date of the last countable conviction under Item A refers to the date of the conviction, itself, not the date of the offense leading to conviction), and (2) there is at least a ten year commitment free period in the community (including time on probation or parole) between the last release from a countable commitment (under Item B) and the commencement of the current offense behavior; then convictions/commitments prior to the above ten year period are not to be counted for purposes of Items A, B, or C. <u>Note</u>: This provision does not preclude consideration of earlier behavior (*e.g.*, repetition of particularly serious or assaultive conduct) as a negative indicant of parole prognosis (*i.e.*, a possible reason for overriding the salient factor score). Similarly, a substantial crime free period in the community, not amounting to ten years, may, in light of other factors, indicate that the offender belongs in a better risk category than the salient factor score indicates.

**A.9** *Foreign Convictions.* Foreign convictions (for behavior that would be criminal in the United States) are counted.

**A.10** *Tribal Court Convictions.* Tribal court convictions are counted under the same terms and conditions as any other conviction.

**A.11** *Forfeiture of Collateral.* If the only known disposition is forfeiture of collateral, count as a conviction (if a conviction for such offense would otherwise be counted).

A.12 *Conditional/Unconditional Discharge (New York State)*. In N.Y. State, the term "conditional discharge" refers to a conviction with a suspended sentence and unsupervised probation; the term "unconditional discharge" refers to a conviction with a suspended sentence. Thus, such N.Y. state dispositions for countable offenses are counted as convictions.

A.13 *Adjudication Withheld (Florida)*. In Florida, the term "adjudication withheld" refers to a disposition in which a formal conviction is not entered at the time of sentencing, the purpose of which is to allow the defendant to retain his civil rights and not to be classified as a convicted felon. Since the disposition of "adjudication withheld" is characterized by an admission of guilt and/or a finding of guilt before a judicial body, dispositions of "adjudication withheld" are to be counted as convictions for salient factor scoring purposes. However, it is not considered a conviction on which forfeiture of street time can be based.

A.14 *Juvenile Consent Decree (District of Columbia)*. A juvenile consent decree in the District of Columbia is a diversionary disposition not requiring an admission or finding of guilt. Therefore, it is not to be used in scoring this item.

ITEM B.  PRIOR COMMITMENTS OF MORE THAN THIRTY DAYS (ADULT OR JUVENILE)  [[None = 2; One or two = 1; Three or more = 0]]

B.1 *Count* all prior commitments of more than thirty days (adult or juvenile) resulting from a conviction/adjudication listed under Item A, except as noted below. Also count commitments of more than thirty days imposed upon revocation of probation or parole where the original probation or parole resulted from a conviction/adjudication counted under Item A.

B.2 *Count* only commitments that were imposed prior to the commission of the last overt act of the current offense behavior. Commitments imposed after the current offense are not counted for purposes of this item. Concurrent or consecutive sentences (whether imposed at the same time or at different times) that result in a continuous period of confinement count as a single commitment. However, a new court commitment of more than thirty days imposed for an escape/attempted escape or for criminal behavior committed while in confinement/escape status counts as a separate commitment.

B.3 *Definitions*

(a) This item only includes commitments that were actually imposed. Do not count a suspended sentence as a commitment. Do not count confinement pending trial or sentencing or for study and observation as a commitment unless the sentence is specifically to "time served." If a sentence imposed is subsequently reconsidered and reduced, do not count as a commitment if it is determined that the total time served, including jail time, was 30 days or less. Count a sentence to intermittent confinement (*e.g.*, weekends) totalling more than 30 days.

(b) This item includes confinement in adult or juvenile institutions, community corrections centers, and other residential treatment centers (*e.g.*, halfway houses and community treatment centers). It does not include foster home placement. Count confinement in a community corrections center (CCC) or other residential treatment center only when it is part of a committed sentence. Do not count confinement in a community corrections center or other residential treatment center when imposed as a condition of probation or parole. Do not count self commitment for drug or alcohol treatment.

(c) If a committed sentence of more than thirty days is imposed prior to the current offense but the offender avoids or delays service of the sentence (*e.g.*, by absconding, escaping, bail pending appeal), count as a prior commitment. Note: Where the subject unlawfully avoids service of a prior commitment by escaping or failing to appear for service of sentence, this commitment is also to be considered in Items D and E. Example: An offender is sentenced to a three-year prison term, released on appeal bond, and commits the current offense. Count as a previous commitment under Item B, but not under Items D and E. To be considered under Items D and E, the avoidance of sentence must have been unlawful (*e.g.*, escape or failure to report for service of sentence). Example: An offender is sentenced to a three-year prison term, escapes, and commits the current offense. Count as a previous commitment under Items B, D, and E.

(d) *District of Columbia Juvenile Commitment to Department of Human Services*. In the District of Columbia, juvenile offenders may be committed to the Department of Human Services for placement ranging from a foster home to a secure

juvenile facility. Such a commitment is counted only if it can be established that the juvenile was actually committed for more than 30 days to a secure juvenile institution or residential treatment center rather than a foster home.

## ITEM C. AGE AT COMMENCEMENT OF THE CURRENT OFFENSE/PRIOR COMMITMENTS OF MORE THAN THIRTY DAYS (ADULT OR JUVENILE)

C.1 *Score* 3 if the subject was 26 years of age or more at the commencement of the current offense and has three or fewer prior commitments.

C.2 *Score* 2 if the subject was 26 years of age or more at the commencement of the current offense and has four prior commitments.

C.3 *Score* 1 if the subject was 26 years of age or more at the commencement of the current offense and has five or more prior commitments.

C.4 *Score* 2 if the subject was 22-25 years of age at the commencement of the current offense and has three or fewer prior commitments.

C.5 *Score* 1 if the subject was 22-25 years of age at the commencement of the current offense and has four prior commitments.

C.6 *Score* 0 if the subject was 22-25 years of age at the commencement of the current offense and has five or more prior commitments.

C.7 *Score* 1 if the subject was 20-21 years of age at the commencement of the current offense and has three or fewer prior commitments.

C.8 *Score* 0 if the subject was 20-21 years of age at the commencement of the current offense and has four prior commitments.

C.9 *Score* 0 if the subject was 19 years of age or less at the commencement of the current offense with any number of prior commitments.

C.10 *Definitions*

(a) Use the age at the commencement of the subject's current federal offense behavior, except as noted under special instructions for probation/ parole/confinement/escape status violators.

(b) Prior commitment is defined under Item B.

## ITEM D.  RECENT COMMITMENT FREE PERIOD (THREE YEARS)

D.1 *Score 1* if the subject has no prior commitments; or if the subject was released to the community from his/her last prior commitment at least three years prior to commencement of his/her current offense behavior.

D.2 *Score 0* if the subject's last release to the community from a prior commitment occurred less than three years prior to the current offense behavior; or if the subject was in confinement/escape status at the time of the current offense.

D.3 *Definitions*

(a) Prior commitment is defined under Item B.

(b) Confinement/escape status is defined under Item E.

(c) Release to the community means release from confinement status (*e.g.*, a person paroled through a CCC is released to the community when released from the CCC, not when placed in the CCC).

ITEM E. PROBATION/PAROLE/CONFINEMENT/ESCAPE STATUS VIOLATOR THIS TIME

E.1 *Score 1* if the subject was not on probation or parole, nor in confinement or escape status at the time of the current offense behavior; and was not committed as a probation, parole, confinement, or escape status violator this time.

E.2 *Score 0* if the subject was on probation or parole or in confinement or escape status at the time of the current offense behavior; or if the subject was committed as a probation, parole, confinement, or escape status violator this time.

E.3 *Definitions*

(a) The term probation/parole refers to a period of federal, state, or local probation or parole supervision. Occasionally, a court disposition such as "summary probation" or "unsupervised probation" will be encountered. If it is clear that this disposition involved no attempt at supervision, it will not be counted for purposes of this item. <u>Note</u>: Unsupervised probation/parole due to deportation is counted in scoring this item.

(b) The term "parole" includes parole, mandatory parole, supervised release, conditional release, or mandatory release supervision (*i.e.*, any form of supervised release).

(c) The term "confinement/escape status" includes institutional custody, work or study release, pass or furlough, community corrections center or other residential treatment center confinement (when such confinement is counted as a commitment under Item B), or escape from any of the above.

ITEM F. OLDER OFFENDERS

F.1 *Score 1* if the offender was 41 years of age or more at the commencement of the current offense and the total score from Items A-E is 9 or less.

F.2 *Score 0* if the offender was less than 41 years of age at the commencement of the current offense or if the total score from Items A-E is 10.

SPECIAL INSTRUCTIONS - PROBATION VIOLATOR THIS TIME

*Item A*  Count the original conviction that led to the sentence of probation as a prior conviction.  Do not count the probation revocation as a prior conviction.

*Item B*  Count all prior commitments of more than thirty days which were imposed prior to the behavior resulting in the current probation revocation.  If the subject is committed as a probation violator following a "split sentence" for which more than thirty days were served, count the confinement portion of the "split sentence" as a prior commitment. <u>Note</u>:  The prisoner is still credited with the time served toward the current commitment.

*Item C*  Use the age at commencement of the probation violation, not the original offense.

*Item D*  Count backwards three years from the commencement of the probation violation.

*Item E*  By definition, no point is credited for this item. <u>Exception</u>:  A person placed on unsupervised probation (other than for deportation) would not lose credit for this item.

*Item F*  Use the age at commencement of the probation violation, not the original offense.

SPECIAL INSTRUCTIONS - PAROLE OR SUPERVISED RELEASE VIOLATOR THIS TIME

*Item A*  The conviction from which paroled or placed on supervised release counts as a prior conviction.

*Item B*  The commitment from which paroled or released to supervised release (including a prison term ordered for a prior supervised release revocation), counts as a prior commitment.

(2) In the case of a prisoner who has declined to participate in institutional programming, a decision in the upper half of the applicable guideline range generally will be warranted, except that in the case of a prisoner who has a base point score of 3 or less, or who has a criminal record involving violence or sexual offenses and who has not participated in available programming to address a potential for criminal behavior of a violent or sexual nature, a decision above the guidelines may be warranted.

(f) *Base point score.* Add the applicable points from Categories I-III of the Point Assignment Table to determine the base point score.

## POINT ASSIGNMENT TABLE

Categories_____Points

### CATEGORY I: RISK OF RECIDIVISM
(Salient Factor Score)

10-8 (Very Good Risk) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+0
7-6 (Good Risk) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +1
5-4 (Fair Risk) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ..+2
3-0 (Poor Risk) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +3

### CATEGORY II: CURRENT OR PRIOR VIOLENCE (Type of Risk)
Note: Use the highest applicable subcategory. If no subcategory is applicable, score = 0.

A. Violence in current offense, and any felony violence in two or more prior offenses. . . . +4
B. Violence in current offense, and any felony violence in one prior offense. . . . . . . . . . . . +3
C. Violence in current offense: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. ..+2
D. No violence in current offense and any felony violence in two or more prior offenses. . +2
E. Possession of firearm in current offense if current offense is not scored as a crime
   of violence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+2
F. No violence in current offense and any felony violence in one prior offense. . . . . . . . . +1

### CATEGORY III: DEATH OF VICTIM OR HIGH LEVEL VIOLENCE
Note: Use highest applicable subcategory. If no subcategory is applicable, score = 0. A current offense that involved high level violence must be scored under both Category II (A, B, or C) and under Category III.

A. Current offense involved violence (high level violence or other violence) with death
   of victim resulting . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .+3
B. Current offense involved attempted murder, conspiracy to murder, solicitation to
   murder, or any willful violence in which the victim survived despite death having
   been the most probable result at the time the offense was committed. . . . . . . . . . . . +2
C. Current offense involved high level violence (other than the behaviors described
   above). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . +1

BASE POINT SCORE (Total of Categories I-III)

(g) *Definitions and instructions for application of point assignment table.*

(1) *Salient factor score* means the salient factor score set forth at § 2.20.

(2) *High level violence* in Category III means any of the following offenses ---

(i) Murder;

(ii) Voluntary manslaughter;

(iii) Arson of a building in which a person other than the offender was present or likely to be present at the time of the offense;

(iv) Forcible rape or forcible sodomy (first degree sexual abuse);

(v) Kidnapping, hostage taking, or any armed abduction of a victim during a carjacking or other offense;

(vi) Burglary of a residence while armed with any weapon if a victim was in the residence during the offense;

(vii) Obstruction of justice through violence or threats of violence;

(viii) Any offense involving sexual abuse of a person less than sixteen years of age;

(ix) Mayhem, malicious disfigurement, or any offense defined as other violence in paragraph (g)(4) of this section that results in *serious bodily injury* as defined in paragraph (g)(3) of this section;

(x) Any offense defined as *other violence* in paragraph (g)(4) of this section in which the offender intentionally discharged a firearm;

(3) *Serious bodily injury* means bodily injury that involves a substantial risk of death, unconsciousness, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

(4) *Other violence* means any of the following felony offenses that does not qualify as *high level violence* ---

(i) Robbery;

(ii) Residential burglary;

(iii) Felony assault;

(iv) Felony offenses involving a threat, or risk, of bodily harm;

(v) Felony offenses involving sexual abuse or sexual contact;

(vi) Involuntary manslaughter (excluding negligent homicide).

(5) Attempts, conspiracies, and solicitations shall be scored by reference to the substantive offense that was the object of the attempt, conspiracy, or solicitation; except that Category IIIA shall apply only if death actually resulted.

(6) *Current offense* means any criminal behavior that is either:

(i) Reflected in the offense of conviction, or

(ii) Is not reflected in the offense of conviction but is found by the Commission to be related to the offense of conviction (*i.e.*, part of the same course of conduct as the offense of conviction). In probation violation cases, the current offense includes both the original offense and the violation offense, except that the original offense shall be scored as a prior conviction (with a prior commitment) rather than as part of the current offense, if the prisoner served more than six months in prison for the original offense before his probation commenced

(7) Category IIE applies whenever a firearm is possessed by the offender during, or is used by the offender to commit, any offense that is not scored under Category II(A-D). Category IIE also applies when the current offense is felony unlawful possession of a firearm and there is no other current offense. Possession for purposes of Category IIE includes constructive possession.

(8) Category IIIA applies if the death of a victim is:

(i) Caused by the offender, or

(ii) Caused by an accomplice and the killing was planned or approved by the offender in furtherance of a joint criminal venture.

(h) *Determining the base guideline range.* Determine the base guideline range for adult prisoners from the following table:

| Base Point Score | Base Guideline Range |
|---|---|
| 3 or less | zero months |
| 4 | 12-18 months |
| 5 | 18-24 months |
| 6 | 36-48 months |
| 7 | 54-72 months |
| 8 | 72-96 months |
| 9 | 110-140 months |
| 10 | 156-192 months. |

(i) *Months to parole eligibility.* Determine the total number of months until parole eligibility.

(j) *Guideline range for disciplinary infractions.* Determine the applicable guideline range from § 2.36 for any significant disciplinary infractions since the beginning of confinement on the current offense in the case of an initial hearing, and since the last hearing in the case of a rehearing. If there are no significant disciplinary infractions, this step is not applicable.

(k) *Guidelines for superior program achievement.* If superior program achievement is found, the award for superior program achievement shall be one-third of the number of months during which the prisoner demonstrated superior program achievement. The award is determined on the basis of all time in confinement on the current offense in the case of an initial hearing, and on the basis of time in confinement since the last hearing in the case of a rehearing. If superior program achievement is not found, this step is not applicable. <u>Note</u>: When superior program achievement is found, it is presumed that the award will be based on the total number of months since the beginning of confinement on the current offense in the case of an initial hearing, or since the last hearing in the case of a rehearing. Where, however, the Commission determines that the prisoner did not have superior program achievement during the entire period, it may base its decision solely on the number of months during which the prisoner had superior program achievement.

(l) *Determining the total guideline range at an initial hearing.* At an initial hearing—

(1) Add together the minimum of the base point guideline range [from paragraph (h) of this section], the number of months required by the prisoner's parole eligibility date [from (i) of this section], and the minimum of the guideline range for disciplinary infractions, if applicable [from paragraph (j) of this section]. Then subtract the award for superior

program achievement, if applicable [from paragraph (k) of this section]. The result is the minimum of the Total Guideline Range.

(2) Add together the maximum of the base point guideline range [from paragraph (h) of this section], the number of months required by the prisoner's parole eligibility date [from paragraph (i) of this section], and the maximum of the guideline range for disciplinary infractions, if applicable [from paragraph (j) of this section]. Then subtract the award for superior program achievement, if applicable [from paragraph (k) of this section]. The result is the maximum of the Total Guideline Range.

(m) *Determining the total guideline range at a reconsideration hearing.* At a reconsideration hearing—

(1) Add together the minimum of the Total Guideline Range from the previous hearing, and the minimum of the guideline range for disciplinary infractions since the previous hearing, if applicable [from paragraph (j) of this section]. Then subtract the award for superior program achievement, if applicable [from paragraph (k) of this section]. The result is the minimum of the Total Guideline Range for the current hearing.

(2) Add together the maximum of the Total Guideline Range from the previous hearing, and the maximum of the guideline range for disciplinary infractions since the previous hearing, if applicable [from paragraph (j) of this section]. Then subtract the award for superior program achievement since the previous hearing, if applicable [from paragraph (k) of this section]. The result is the maximum of the Total Guideline Range for the current hearing.

(n) *Decisions outside the guidelines.*

(1) The Commission may, in unusual circumstances, grant or deny parole to a prisoner notwithstanding the guidelines. Unusual circumstances are case-specific factors that are not fully taken into account in the guidelines, and that are relevant to the grant or denial of parole. In such cases, the Commission shall specify in the notice of action the specific factors that it relied on in departing from the applicable guideline or guideline range. If the prisoner is deemed to be a poorer or more serious risk than the guidelines indicate, the Commission shall determine what Base Point Score would more appropriately fit the prisoner's case, and shall render its initial and rehearing decisions as if the prisoner had that higher Base Point Score. It is to be noted that, in some cases, an extreme level of risk presented by the prisoner may make it inappropriate for the Commission to contemplate a parole at any hearing without a significant change in the prisoner's circumstances.

(2) Factors that may warrant a decision above the guidelines include, but are not limited to, the following:

(i) *Poorer parole risk than indicated by salient factor score.* The offender is a poorer parole risk than indicated by the salient factor score because of —

(A) Unusually persistent failure under supervision (pretrial release, probation, or parole);

(B) Unusually persistent history of criminally related substance (drug or alcohol) abuse and resistance to treatment efforts; or

(C) Unusually extensive prior record (sufficient to make the offender a poorer risk than the "poor" prognosis category).

(ii) *More serious parole risk.* The offender is a more serious parole risk than indicated by the total point score because of —

(A) Prior record of violence more extensive or serious than that taken into account in the guidelines;

(B) Current offense demonstrates extraordinary criminal sophistication, criminal professionalism in the employment of violence or threats of violence, or leadership role in instigating others to commit a serious offense;

(C) Unusual cruelty to the victim (beyond that accounted for by scoring the offense as high level violence), or predation upon extremely vulnerable victim;

(D) Unusual propensity to inflict unprovoked and potentially homicidal violence, as demonstrated by the circumstances of the current offense; or

(E) Additional serious offense(s) committed after (or while on bond or fugitive status from) current offense that show unusual capacity for sustained, repeated violent criminal activity.

(4) Factors that may warrant a decision below the guidelines include, but are not limited to, the following:

(i) *Better parole risk than indicated by salient factor score.* The offender is a better parole risk than indicated by the salient factor score because of (applicable only to offenders who are not already in the very good risk category) —

(A) A prior criminal record resulting exclusively from minor offenses;

(B) A substantial crime-free period in the community for which credit is not already given on the Salient Factor Score;

(C) A change in the availability of community resources leading to a better parole prognosis;

(ii) *Other factors*:

(A) Unusually lengthy period of incarceration on the minimum sentence (in relation to the seriousness of the offense and prior record) that warrants an initial parole determination as if the offender were being considered at a rehearing;

(B) Substantial period in custody on other sentence(s) sufficient to warrant a finding in paragraph (n)(3) of this section; or

(C) Clearly exceptional program achievement.

(o) *Conversion rules for retroactive application of the § 2.80 guidelines.* When the guidelines of this section are retroactively applied, the following conversion rules shall be used.

(1) If the prisoner previously had any points added for negative institutional behavior under the guidelines formerly found in the Appendix to § 2.80 (2000) (*i.e.*, the guidelines in effect from August 5, 1998 through December 3, 2000), the total guideline range shall be increased by the lesser of:

(i) The guideline range from § 2.36 found to apply to the prior misconduct; or

(ii) The range of months obtained when the number of points previously added for negative institutional behavior is multiplied by the rehearing range applicable under the guidelines in the former Appendix to § 2.80 (*e.g.*, if two points previously were added for misconduct and the applicable rehearing range was 18-24 months, then 36-48 months (2 x 18-24 would be added).

(2) If negative institutional behavior previously was sanctioned by the application of a guideline range at § 2.36, the total guideline range shall be increased by that range for that behavior.

(3) If the prisoner previously had an extra point deducted for superior program achievement (as opposed to ordinary program achievement) under the guidelines in the former Appendix to § 2.80, the total guideline range shall be decreased by the rehearing guideline range applicable under the Appendix to § 2.80 guidelines (*e.g.*, if an extra point previously was subtracted for superior (not ordinary) program achievement and the applicable rehearing range was 18-24 months, then 18-24 months would be subtracted).

(4) Misconduct or superior program achievement since the last hearing shall be considered in accordance with the guidelines of this section.

2.80-01. *Current Offense.*

(a) For purposes of the point score, determinations regarding the current offense (whether it is a crime of violence or a crime of high violence, and whether death resulted), shall be based on the nature and circumstances of the current offense and are not limited to the offense of which the defendant was convicted. Disputed facts are to be resolved under § 2.19(c).

*(b) YRA parole violators.* For the purpose of applying the §2.80 guidelines to YRA parole violators, the "current offense" is the parole violation offense and the offense which led to the original conviction and YRA sentence is considered as a "prior offense."

2.80-02. *Prior Crime of Violence*

(a) For purposes of the point score, the determination of whether a prisoner has one or more prior crimes of violence is based on the conviction offense. If, however, the Commission finds pursuant to § 2.19(c) that (1) a defendant has committed a prior crime of violence that did not result in a conviction of a crime of violence; and (2) a conviction for the offense actually committed would have resulted in a higher point score, such conduct may be considered as an aggravating factor and may warrant an upward departure from the guidelines (as a more serious risk). In the case of a departure on this basis, the departure should be consistent with the higher point score.

(b) To qualify as a prior crime of violence, the prior conviction/adjudication must be countable as a prior conviction/adjudication under the rules of reapplying the Salient Factor Score in §2.20.

2.80-03. *Rounding of Superior Program Achievement Award.* If an award for superior program achievement determined under §2.80(k) is a number other than a whole number (*e.g.*, 12.67 months), round to the nearest whole number (.50 and higher is to be rounded upward, and .49 and lower is to be rounded downward).

2.80-04. *Conversion Rules for Retroactive Application of §2.80 - Complex Cases.*

(a) *Inadequate information for application of §2.36 to prior misconduct.* If the information available is not adequate to determine the guideline range for a prior misconduct under §2.80(o)(1)(i) (which references §2.36), the guideline range for the prior misconduct shall be determined under §2.80(o)(1)(ii).

(b) *When §2.36 has a lower minimum, but higher maximum, guideline range for prior misconduct.* In rare cases, the guideline range for a prior misconduct under §2.80(o)(1)(i) (which references §2.36) may have a lower minimum, but a higher maximum, than the range under §2.80(o)(1)(ii). For example, the guideline range under §2.80(o)(1)(i) might be 0-52 months, and the range under §2.80(o)(1)(ii) might be 36-48 months. In such a case, construct a composite guideline range, using the lower applicable minimum and the lower applicable maximum. In the above example, the composite guideline range would be 0-48 months for the prior misconduct.

2.80-05. *Pickpocketing Offense.* Under the D.C. Code, pickpocketing is punishable under the robbery statute. For the purposes of § 2.80, a current or prior robbery conviction that is found to be based on a pickpocketing offense (theft by stealth with no force or threat) shall not be considered a current or prior crime of violence.

## § 2.81 REPAROLE DECISIONS.

(a) If the prisoner is not serving a new, parolable D.C. Code sentence, the Commission's decision to grant or deny reparole on the parole violation term shall be made by reference to the reparole guidelines at § 2.21. The Commission shall establish a presumptive or effective release date pursuant to § 2.12(b), and conduct interim hearings pursuant to § 2.14.

(b) If the prisoner is eligible for parole on a new D.C. Code felony sentence that has been aggregated with the prisoner's parole violation term, the Commission shall make a decision to grant or deny parole on the basis of the aggregate sentence, and in accordance with the guidelines at § 2.80.

(c) If the prisoner is eligible for parole on a new D.C. Code felony sentence but the prisoner's parole violation term has not commenced (*i.e.*, the warrant has not been executed), the Commission shall make a single parole/reparole decision by applying the guidelines at § 2.80. The Commission shall establish an appropriate date for the execution of the outstanding warrant in order for the guidelines at § 2.80 to be satisfied. In cases where the execution of the warrant will not result in the aggregation of the new sentence and the parole violation term, the Commission shall make parole and reparole decisions that are consistent with the guidelines at § 2.80.

(d) All reparole hearings shall be conducted according to the procedures set forth in § 2.72, and may be combined with the holding of a revocation hearing if the prisoner's parole has not previously been revoked. If the prisoner is serving a period of imprisonment imposed upon revocation of his parole by the D.C. Board of Parole, the Commission shall consider all available and relevant information concerning the prisoner's conduct while on parole, including any allegations of criminal or administrative violations left unresolved by the Board, pursuant to the procedures applicable to initial hearings under § 2.72 and § 2.19(c). The same procedures shall apply in the case of any new information concerning criminal and administrative violations of parole presented to the Commission for the first time following the conclusion of a revocation proceeding that resulted in the revocation of parole and the return of the offender to prison.

*Notes and Procedures*

2.81-01. *Reparole decisions for YRA parole violations.* Reparole decisions for YRA parole violators are made using the § 2.80 guidelines, not the guidelines at § 2.20 and § 2.21. See 28 C.F.R. §2.106(e).

### § 2.82 EFFECTIVE DATE OF PAROLE.

(a) An effective date of parole may be granted up to nine months from the date of the hearing.

(b) Except in the case of a medical or geriatric parole, a parole that is granted prior to the completion of the prisoner's minimum term shall not become effective until the prisoner becomes eligible for release on parole.

2.82-01. *Time Required for Release Planning.*

(a) Absent a clearly exceptional circumstance, set an effective parole date that is - -

    (1) at least eight months from the date of the hearing, if halfway house placement is deemed essential; and

    (2) at least 120 days from the date of the hearing, if halfway house placement is not deemed essential.

(b) If a parole effective date will cause the prisoner to serve more than the time required by the maximum of the guideline range solely for the purpose of release planning, set the parole date at the maximum of the applicable guideline range. However, the parole date set should not be -

    (1) less than 120 days from the date of the hearing, if halfway house placement is deemed essential; and

    (2) less than 60 days from the date of the hearing, if halfway house placement is not deemed essential.

### § 2.83 RELEASE PLANNING.

(a) All grants of parole shall be conditioned on the development of a suitable release plan and the approval of that plan by the Commission. A parole certificate shall not be issued until a release plan has been approved by the Commission. In the case of mandatory release, the Commission shall review each prisoner's release plan to determine whether the imposition of any special conditions should be ordered to promote the prisoner's rehabilitation and protect the public safety.

(b) If a parole date has been granted, but the prisoner has not submitted a proposed release plan, the appropriate correctional or supervision staff shall assist the prisoner in formulating a release plan for investigation.

(c) After investigation by a Supervision Officer, the proposed release plan shall be submitted to the Commission 30 days prior to the prisoner's parole or mandatory release date.

(d) A Commissioner may retard a parole date for purposes of release planning for up to 120 days without a hearing. If efforts to formulate an acceptable release plan prove futile by the expiration of such period, or if the Offender Supervision staff reports that there are insufficient resources to provide effective supervision for the individual in question, the Commission shall be promptly notified in a detailed report. If the Commission does not order the prisoner to be paroled, the Commission shall suspend the grant of parole and conduct a reconsideration hearing on the next available docket. Following such reconsideration hearing, the Commission may deny parole if it finds that the release of the prisoner without a suitable plan would fail to meet the criteria set forth in § 2.73. However, if the prisoner subsequently presents an acceptable release plan, the Commission may reopen the case and issue a new grant of parole.

(e) The following shall be considered in the formulation of a suitable release plan:

(1) Evidence that the parolee will have an acceptable residence;

(2) Evidence that the parolee will be legitimately employed as soon as released; provided, that in special circumstances, the requirement for immediate employment upon release may be waived by the Commission;

(3) Evidence that the necessary aftercare will be available for parolees who are ill, or who have any other demonstrable problems for which special care is necessary, such as hospital facilities or other domiciliary care; and

(4) Evidence of availability of, and acceptance in, a community program in those cases where parole has been granted conditioned upon acceptance or participation in a specific community program.

*Notes and Procedures*

2.83-01. *Retardation of Parole Dates for Release Planning Purposes.*

(a)  When the Bureau of Prisons requests the retardation of a parole date for "release planning" purposes, the following instructions apply:

   (1) Retardation of a parole date will normally be granted if CSOSA has investigated the prisoner's release plan and has discovered a significant problem that makes the release plan unacceptable. For example, if the proposed residence or employment turns out not to exist, or the proposed residence or employment is found unsuitable in the light of the parolee's criminal history, that would be a good reason for the Commission to retard the release date. For prisoners being released from BOP facilities, the Commission will not accept retardation requests directly from CSOSA. A written request to retard the release date must be submitted by the appropriate BOP staff, and must give specific reasons for the request.

   (2) The Commission will not order retardation of a release date simply because CSOSA has not been able to complete the release plan investigation process by the scheduled parole date, except in the following two circumstances.

   (A) Retardation may be ordered if the prisoner has either (i) high level violence in the current offense or (ii) a current offense that is a sex offense, or (iii) a base point score of 5 or higher.

   (B) Retardation may be ordered if the Commission has imposed a special mental health or sex offender treatment condition that will likely not be implemented effectively without further release planning or if there is some other extraordinary reason that a prisoner cannot be released absent further planning (*e.g.,* a mentally or physically handicapped prisoner with no place to reside).

   Retardation decisions for cases meeting the above standards are to be made on a case-be-case basis, after consideration of whether and to what extent the likelihood of serious recidivism will be increased absent a more suitable parole plan. The normal retardation for these special cases will be 90 days. The case analyst should inform the BOP (with a copy

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts   Salient Factor Score (SFS-98) Item Explanations**

0    **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

1    **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

3    **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0    **D** - Recent commitment free period (three years)
     No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

1    **E** - Probation/parole/confinement/escape status violator this time
     Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

0    **F** - Older offenders
     If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

5    **Salient Factor Score (SFS-98)** (sum of points for A-F above)

## BASE POINT SCORE

**Your Pts   Base Point Score Category Explanations**

2    **I** - Contribution from Salient Factor Score
     10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

2    **II** - Current or Prior Violence
     Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

2    **III** - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
     Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

6    **Base Point Score** (sum I-III above)

## DISCIPLINARY GUIDELINES

Not Applicable

## SUPERIOR PROGRAM ACHIEVEMENT AWARD

Not Applicable

## TOTAL GUIDELINE RANGE

| | |
|---|---|
| **36 — 48** | Base Point Score Guideline Range |
| **60 — 60** | Months Required to Serve to Parole Eligibility Date |
| **0 — 0** | Disciplinary Guideline Range |
| less **0 — 0** | Superior Program Achievement Award (if applicable) |

**96 - 108  Total Guideline Range**

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| | | | Prior Commitments | | |
| Base Point Score | Guideline Range | Age | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | 0-19 | 0 | 0 | 0 |
| 10 | 136-172 months | | | | |