UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| QUENTIN YATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.06-0234 (JDB) |
| ) | |
| UNITED STATES ) | |
| PAROLE COMMISSION, ) | |
| ) | |
| Defendant. ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

### Introduction

The defendant filed a motion to dismiss, or in the alternative, for summary judgment on the grounds that the complaint fails to state a claim upon which relief may be granted and for lack of jurisdiction. The plaintiff opposes defendant's motion asserting that he has demonstrated sufficient facts for trial. The plaintiff, however, fails to address the legal issues presented in defendant's motion or to present any grounds which preclude dismissal.

**I.   Plaintiff's Claim Is Premature and He Cannot Demonstrate an Injury in Fact.**

As defendant noted in its previous memorandum, because plaintiff is not yet eligible for parole consideration, the U.S. Parole Commission (Commission) has not yet had an opportunity to assess the merits of plaintiff's case and make any factual findings.  Plaintiff admits that the Commission has not evaluated

his case, but he nonetheless details what he believes his various "scores" would be using the D.C. Board of Parole's guidelines, rather than the Commission's guidelines for D.C. Code offenders. Until the Commission has an opportunity to consider plaintiff's circumstances and makes factual findings, plaintiff cannot demonstrate that the U.S. Parole Commission's guidelines, "as applied to his sentence created a significant risk of increasing punishment." <u>Fletcher v. District of Columbia</u> 391 F.3d 250, 251 (D.C. Cir. 2004)(<u>Fletcher II</u>), <u>quoting</u> <u>Garner v. Jones</u>, 529 U.S. 244, 255 (2000). Simply put, until the Commission makes factual determinations and applies its guidelines to those determinations, plaintiff cannot demonstrate an injury by showing that the application of the Commission's guidelines to his circumstances created a significant risk of increased punishment. <u>Id</u>.

Permitting plaintiff to proceed before Commission action would be an anathema to the administrative parole process. The law is clear that making factual and credibility determinations in the parole process is the sole responsibility of the Parole Commission. <u>See</u>, <u>e.g.</u> <u>Roberts v. Corrothers</u>, 821 F.2d 1173 (9th Cir. 1987)(the Commission is vested with discretion to make factual determinations and judging the credibility of the information is solely the Commission's duty); <u>Richardson v. U.S. Parole Comm'n</u>, 729 F.2d 1154 (8th Cir. 1984)("It is not the duty

2

of the district court to reassess the credibility of the information used by the Commission in reaching its decision.") Here, plaintiff is asking this Court to make factual findings and determinations that are vested solely in the Commission's discretion before he is eligible for parole and before the Commission has had an opportunity to do so.[1] Plaintiff is deliberately bypassing the statutorily established administrative process, which he cannot do.

## II. Plaintiff Is Not Entitled to Parole Consideration Before August 2007.

Plaintiff appears to labor under the belief that he was entitled to parole consideration in 2006. As noted previously, the law precludes parole consideration earlier than 180 days prior to his inmate's parole eligibility date. 28 C.F.R. § 2.71(b). The Bureau of Prisons has computed plaintiff's eligibility date as January 11, 2008. Under existing regulations, plaintiff is not entitled to parole consideration until August 2007.[2] If plaintiff is challenging either the

---

[1] Indeed, if the Court were to proceed as suggested by plaintiff, the Court would have to make factual findings about plaintiff's criminal history and institutional conduct prematurely. The Commission cannot review this information before August 2007. This runs the risk of having different or inconsistent findings.

[2] In support of his belief that he is entitled to a parole hearing, plaintiff points the Court to the Federal Bureau of Prisons sentence computation that defendant included as Exhibit A. Defendant acknowledges that this document appears to state that plaintiff would receive an initial parole hearing on "06-00-

calculation of his sentence or plaintiff is claiming that he is presently entitled to a parole hearing, such a claim must be brought in habeas in the judicial district in which he is confined. See Chatman-Bey v. Thornburgh, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc); Gueraa v. Meese, 786 F.2d F.2d 414 (D.C. Cir. 1986). Plaintiff is presently confined at the Federal Correctional Institution in Cumberland, Maryland (Complaint).

### Conclusion

For the foregoing reasons, defendant's motion to dismiss, or in the alternative, for summary judgment should be granted.

Respectfully submitted,

/s/ *Kenneth L. Weinstein*
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

/s/ *[signature]*
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

/s/ *Diane M. Sullivan*
DIANE M. SULLIVAN, D. C. BAR # 12765
Assistant United States Attorney
Judiciary Center Building
555 Fourth Street, N.W.
Room E4919

---

2006," but that date is incorrect. The Bureau of Prisons is charged with computing sentences, including District of Columbia sentences, but it does not schedule parole hearings. As previously stated, the Commission is charged with scheduling and granting hearings, and the law states that a D.C. Code offender like plaintiff is not entitled to a hearing until 180 days prior to his parole eligibility date. 28 C.F.R. § 2.71(b). The BOP notation on Exhibit A is in error.

Washington, D.C. 20530
(202) 514-7205

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent by First-Class mail, postage prepaid to:

QUENTIN YATES,
#11346-007
F.C.I Cumberland
PO Box 1000
Cumberland, MD 21501

on this  20Th  day of September, 2006.

/s/ Diane M Sullivan
DIANE M. SULLIVAN
Assistant United States Attorney
555 4TH St., N.W.,
Room E4919
Washington, D.C.  20530
(202) 514-7205