United States District Court
For The District of Columbia

Quentin Yates
    Plaintiff

V.

United States Parole
Commission
    Defendant

Civil Action No: 06-0234(JDB)

Leave to file GRANTED

John D. Bates
United States District Judge

RECEIVED
OCT 0 5 2006
NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

Reply to Defendant's Reply to Plaintiff's Opposition
to Defendant's Motion to Dismiss or in the Alternative, for
Summary Judgment.

    The defendant filed a reply to the Plaintiff's opposition to the defendant's motion to dismiss or for summary judgment. The defendant's in their reply only rehash the same points made in it's motion to dismiss. The defendant would also now like this Court to believe that since the U.S. Parole Commission (USPC) has not had an opportunity to assess the merits of the Plaintiff's case and make any factual findings the Plaintiff action should be dismissed. The Plaintiff's action does not challenge the factual findings that would be made by the USPC in deciding whether or not the Plaintiff is to be paroled, But the guidelines that are going to be used to determine when he is to be paroled. The guidelines that are in place now shows that the Plaintiffs minimum term will not suffice as punishment enough for the crime the Court sentence him to, thus creating an increase in punishment. Under the guidelines that were in place at the time the Plaintiff was charged and

sentence, they only apply one violence catagory in contrast to the USPC's which is duplicitous by having two violence catagory for the present offense.

Simply put if the USPC makes a factual determination and applies the D.C Board of Paroles guidelines that were in affect at the time of Plaintiffs sentening he would be given parole at his initial parole hearing. The Plaintiff would only like to reenterarte that it is only asking to have the factual and credible determination made by the USPC applied to the D.C. Board of Parole guidelines and these are the guidelines that the Plaintiff should be considered under. Contrary to the defendants assertion in citing **Richardson v. USPC 729 F.2d 1154 (8th cir 1984)** which states that it is not the District Courts place to reassess the information used by the USPC in reaching it's decision. The Plaintiff would not and is not asking the Court to do so, only to enforce the constitution in preventing the defendant from violating the expost facto clause by making him see the USPC under the current guidelines instead of the guidelines that were in place when his offense was committed.

The Plaintiffs constitutional rights are being violated by having him be subjected to more harsher guidelines since the Plaintiffs charge was committed before the implementation of the current guidelines. Nore is the Plaintiff challenging the error on the BOP's notation on Exhibit A. As such this action is in it's proper venue and the defendants motion to dismiss or in the Alternative for Summary judgment should be denied.

## Conclusion

For the foregoing reasons stated herein and in the Plaintiffs action, the defendants motion to dismiss or in the Alternative for summary judgment should be denied and the Plaintiffs motion granted. It should be ordered that the USPC consider the Plaintiffs application for parole under the D.C. Board of Parole guidelines that were place at the time the Plaintiff was arrested and sentence.

## Certificate of Service

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaidto:

Diane M. Sullivan
AUSA
555 4th Street N.W.
Room E4919
Washington, D.C 20530

On this 3rd Day of October, 2006

Respectfully Submitted

Mr. Quentin Yates
Fed#11346-007
F.C.I Cumberland
P.O. Box 1000
Cumberland, M.D 21501