UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**QUENTIN YATES,**

    **Plaintiff,**

    v.

**UNITED STATES PAROLE COMMISSION,**

    **Defendant.**

Civil Action No. 06-0234 (JDB)

**MEMORANDUM OPINION**

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Having considered defendant's motion and plaintiff's opposition, the Court will grant defendant's motion to dismiss.

I. BACKGROUND

In the Superior Court of the District of Columbia, plaintiff entered a guilty plea on the charges of aggravated assault while armed and carrying a pistol without a license. Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def.'s Mot."), Ex. B (Judgment and Commitment Order, Case No. F-253-96). On September 17, 1996, the Superior Court imposed an aggregate sentence of 12 to 36 years' imprisonment. *Id.*, Ex. A (Sentence Monitoring Computation Data as of 04-13-2006) at 1. Plaintiff submitted a parole application on March 30, 2006. *Id.*, Ex. E (Notice of Hearing – Parole Application).

At the time plaintiff committed the underlying offenses, the District of Columbia Board of Parole ("Parole Board") existed and its parole guidelines, *see* 28 D.C.M.R. § 100 *et seq.* (1987), were in effect. *See* Complaint ("Compl.") at 2.[1] The Parole Board was authorized to release a prisoner on parole:

> [w]henever it shall appear to the [Parole Board] that there is a reasonable probability that a prisoner will live and remain at liberty without violating the law, that his release is not incompatible with the welfare of society, and that he has served the minimum sentence imposed or the prescribed portion of his sentence, as the case may be, . . . upon such terms and conditions as the Board shall from time to time prescribe.

D.C. Code § 24-404(a). The Parole Board has been abolished, and the United States Parole Commission ("USPC") has assumed responsibility for parole decisions for District of Columbia Code felony offenders. *See* D.C. Code § 24-131(a), (b); 28 C.F.R. § 2.70. Acting within its new authority, the USPC promulgated regulations for the District's felony offenders, and those regulations were incorporated into the Code of Federal Regulations. *See* 28 C.F.R. § 2.80(e). The USPC's parole guidelines apply to adult prisoners whose initial parole hearings take place on or after August 5, 1998.[2] *See* 28 C.F.R. § 2.80.

In plaintiff's view, the USPC's parole guidelines "are more harsher [sic] and punitive" in nature, and "require[] a longer period of time to be served before being released on parole" than would have been required under the former Parole Board's guidelines. Compl. at 2. He claims

---

[1] The Court has construed plaintiff's "Motion for Preliminary Injunction" as a civil complaint. His request for immediate injunctive relief was denied in screening.

[2] However, the USPC renders its decisions "by reference to the guidelines of the former D.C. Board of Parole in effect on August 4, 1998" if the prisoner had his initial parole hearing before August 5, 1998. 28 C.F.R. § 2.80(a)(4).

that the USPC guidelines and their retroactive application violate the *ex post facto*, double jeopardy, due process, and equal protection provisions of the United States Constitution. *Id.* at 2-4. Plaintiff demands injunctive relief that will require the USPC to apply to his case "the parole guidelines that were in place when Plaintiff's offense was committed." *Id.* at 7.

## II. DISCUSSION

The USPC moves to dismiss this action on the ground that plaintiff lacks standing. *See* Def.'s Mot. at 4-7. It argues that plaintiff "has not identified a continuing injury that is redressable by this Court." *Id.* at 5.

"Three inter-related judicial doctrines – standing, mootness, and ripeness, ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006).[3] A party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

"Closely akin to the standing requirement, and indeed not always clearly separable from it, is the ripeness doctrine." *Wyoming Outdoor Council v. United States Forest Serv.*, 165 F.3d 43, 48 (D.C. Cir. 1999). Generally, the ripeness doctrine "prevent[s] the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the

---

[3] The judicial doctrine of mootness is not relevant to this case.

challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967). To this end, the Court "evaluate[s] both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149. "Just as the constitutional standing requirement for Article III jurisdiction bars disputes not involving injury-in-fact, the ripeness requirement excludes cases not involving present injury." *Wyoming Outdoor Council*, 165 F.3d at 48; *DKT Mem'l Fund, Ltd. v. Agency for Int'l Dev.*, 887 F.2d 275, 297 (D.C. Cir. 1989) (holding that "the constitutional requirement for ripeness is injury in fact").

Plaintiff does not allege that he suffered an injury in the past. Notwithstanding the filing of an application for parole last year, plaintiff is not eligible for parole until January 11, 2008.[4] Plaintiff does not allege that a parole hearing has been scheduled, and the hearing may not occur before July 2007 because, to the extent practicable, an eligible prisoner's initial parole hearing occurs 180 days prior to his parole eligibility date. *See* 28 C.F.R. § 2.71(b).

Instead, plaintiff speculates that the application of the USPC's parole guidelines will result in the denial of parole at his initial hearing "for no more reason that he hasn't served enough time according to their guidelines." Compl. at 7. He proceeds to calculate his own salient factor scores under both the former Parole Board and the USPC guidelines to show that "he would have to serve an additional 30-40 months longer under the USPC guidelines." Memorandum of Points and Authorities in Support of Plaintiff's Motion in Opposition to the Defendant[']s Motion to Dismiss or for Summary Judgment ("Pl.'s Opp'n") at 5.

---

[4] Plaintiff's parole application indicates that he was expected to have a parole hearing in June 2006. *See* Def.'s Mot., Ex. E at 1. This information is inconsistent with the Federal Bureau of Prisons' sentencing computation, which sets January 11, 1008 as plaintiff's parole eligibility date. *See id.*, Ex. A at 2.

The decision to parole a prisoner is discretionary. *See, e.g., McRae v. Hyman*, 667 A.2d 1356, 1360 (D.C. 1995) (noting that the District of Columbia's parole system "is grounded in the exercise of discretion by the [Parole] Board"); *Price v. Barry*, 53 F.3d 369, 371 (D.C. Cir. 1995) (per curiam) (concluding that D.C. Code § 24-404 "under no circumstances compels the [Parole] Board to grant a prisoner release [and] therefore creates no 'expectancy of release' entitling a prisoner to due process protections"). Here, that discretion has yet to be exercised, and no parole determinations relating to plaintiff have been made. Regardless of the parole guidelines applied, then, neither plaintiff nor the Court can predict the outcome of his future parole hearing with any degree of certainty. Hence, even if plaintiff were able to establish the other elements under the standing and ripeness doctrines, his failure to establish a present injury in fact is fatal to his case at this time.

### III.  CONCLUSION

For the reasons stated above, the Court concludes that plaintiff fails to allege a cognizable injury in fact, absent which plaintiff neither establishes his standing to bring this suit nor establishes that his claims are ripe for review. Accordingly, the Court will grant defendant's motion to dismiss for lack of subject matter jurisdiction, and will dismiss this action without prejudice. An Order consistent with this Memorandum Opinion is issued separately on this date.

                                                  /s/
                                  JOHN D. BATES
                                  United States District Judge

Date:  March 9, 2007